The opinion of the Court was read at March term, 1823, as prepared by
Parker, C. J.
The count in the declaration, on which the verdict was returned, which is now attempted to be set aside, describes the offence to be in wilfully and corruptly having demanded and received more than the lawful fees for the service of the execution therein described. It is necessary, to maintain the action, that such an offence as is prohibited by the statute and set forth in the declaration should be proved, viz. that more than the fees prescribed were taken for the service of the execution mentioned in the declaration ; if no execution was served, or the fees were taken for the service of a different one from that set forth, the plaintiff should fail. The defendant might be guilty of extortion, for demanding and receiving fees which were not due to him, for which he might be punished by indictment at common law, and he might be liable to refund by a civil action against him ; but the penalty *179 of this statute cannot be exacted, unless he has performed some official service for which a fee is provided by the statute, and has demanded a greater fee than that provided for such service.[1]
From the facts stated in the exceptions filed in the court below, it does not appear that the defendant made any service of the execution, or that he was entitled to any compensation from the judgment debtor. He called upon him with the execution, and told him he must pay it, but he did not take the person of the debtor or any of his property. He returned the execution in no part satisfied, stating that he had presented it to the two debtors, and that they declined paying it; and the debt was satisfied or secured in another way, no part of the money having been paid to the defendant. Now this is a case where the officer was entitled to no fee at all, for he had done no service. He however exacted fees, as though the money had been raised upon the execution. This was an act of common extortion, for which he is otherwise punishable, but not by virtue of the statute upon which this action is brought. The verdict is therefore right, although it does not appear that the . case presented itself in this view to the Court of Common Pleas. It seems, on the trial, to have been taken for granted, that the defendant was entitled to fees for serving the execution, and the whole question made was whether he had taken too much ; and this was made to depend upon the value of corn, in which, or in money, the note taken for the fees was payable. We see no objection to the direction of the court on that point, unless the receipt of the defendant for 8 dollars and 67 cents should preclude him from denying that he had re ceited that sum ; but as it is clear that he was entitled to no fee, the case does not come within the statute, so- that a new trial would be useless, if one should be granted on the point made by the court.
Where an officer receives an execution which he does not execute, he is entitled to no compensation under the statute. If he returns it unsatisfied, by consent of the creditor, and has incurred any expense, he must look to the creditor for his • *180 recompense; if without his consent, he has no claim upon any one" fees are for service, and then they are to come out of the debtor, but the debtor cannot be charged unless his person or property is taken, or unless he pays the officer upoi the execution. If, after the officer shall have begun to levy his execution, the debtor should surreptitiously, or by conniving with, the creditor to deprive the officer of his fees, pay the debt, or otherwise obtain his discharge, the officer may have a remedy against one or the other of these, according to the circumstances.
In the second count, the plaintiff alleged, that the defendant demanded and received, as and for his fees, on an execution in favor of John Munroe against George Munroe, the sum of 13 dollars and 67 cents, which was alleged to be excessive The defendant admitted his taking this sum as fees on the execution, and attempted to show his right so to do. He proved that personal property to the amount of the execution was taken by him and sold to satisfy the same ; that it was sold in twenty different lots ; and that he employed a person to act as his clerk at the sale, to whom he paid one dollar. He claimed a right to retain a sum less than one per cent, on the amount of the execution, for his services in advertising and selling the property. These sums, together with the fees mentioned in the statute; would amount to the sum taken by him as his fees; and he offered to prove, that it had long been the usual practice in the Commonwealth for officers to charge and receive such compensation for the sale of property on execution. The judge rejected this evidence, and instructed the jury, that the defend ant had no right to demand or receive any thing more, as a compensation for his services and travel, than the fees mention ed in the statute. The jury returned a verdict on this count for the plaintiff, and the defendant excepted to the rejection of the evidence of usage, and to the instructions to the jury.[1]
*181 Hoar. The question is, whether an officer attaching property, keeping it, and selling it by auction, may receive a reasonable compensation for services and expenses not provided for in the statute, without incurring a penalty. The case of Commonwealth v. Shed, 1 Mass. Rep. 227, in which evidence of usage was admitted, was upon an indictment, but it is applicable to an action on a penal statute, and is decisive of this case. Where an attachment of goods or cattle is made, the officer can charge only the legal fee for the service of the original writ. His compensation for keeping and selling them must be obtained upon the execution, and it is reasonable to allow him such an extra charge. In Caldwell v. Eaton, 5 Mass. Rep. 402, it is said, that the debtor must be at the expense of keeping the go'Ms and of the sale.
Peabody. The provision respecting the levy of executions in St. 29 Eliz. c. 4, is analogous to that in our own, and in England it is settled, that officers must confine themselves to the fees allowed by the statute. Woodgate v. Knatchbull, 2 D. & E. 148, 157. If an auctioneer were necessary, perhaps in Massachusetts the officer might pay him, and charge for the expense ; but he cannot charge extra fees for his own services. Evidence of usage was inadmissible ; otherwise the statute would be nugatory.
Parker C. J.
It appearing, in this part of the case, that the defendant demanded and received a sum over and above the stated fees for levying and returning the execution, the question is, whether he has made out a legal right to such excess. He claims to have received it as and for a compensation for his trouble in selling the goods which were taken on execution. The law gives no such compensation, but limits the officer to a fee for levying, to poundage, as it has been usually called, and a fee for travel in returning the execution. If this is an inadequate compensation in some cases, it is a liberal one in others ; and it was thought, that, upon the whole, it would afford a sufficient reward. All actual expenses necessarily incurred are a charge upon the goods, such as expenses for storing them, perhaps for taking an account of them and removing them, if that should be necessary ; but the officer can *182 receive nothing for extra trouble, his compensation being pro-'ided for by the fee bill.
As to the practice of other officers on like subjects, we cannot think it is legal evidence to protect the defendant against the charge in the declaration. An unlawful act cannot become lawful by usage ; and it cannot be known whether the defendant may not himself have contributed to establish the practice under which he would defend himself. Lincoln v. Shaw, 17 Mass. Rep. 410.

Judgment on both counts affirmed.

 Runnels v Fletcher, 15 Mass. R. 526. See Commonwealth v. Bagley, 7 Pick. 279.

 Peabody objected, that the party making these exceptions had not entered the action in this Court, as required by St. 1817, c. 185, § 5, but Hoar said the r Court had decided that an entry made by one of the parties filing exceptions was sufficient, and Peabody gave up his objection. — Jieporter. [See S. C, 3 Pick 207.]