## Roop v. The State.

A constable collected the money due on an execution without any levy and sale: *Held*, that he was entitled to the fee allowed by statute for serving an execution.

ERROR to the *Franklin* Circuit Court.

Scott, J.—This was an indictment against a constable for demanding and receiving unlawful fees. On the plea of not guilty, an agreed case was submitted to the Circuit Court, presenting the following facts, viz. that the defendant was a constable; and an execution was delivered to him, in obedience to which he called on the execution debtor, who promised to see him again and pay the money. The officer did not levy on any property; but the execution debtor, agreeably to his promise, called on the constable and paid the amount demanded in the execution. The constable, in taxing the costs, charged and received the sum of twenty-five cents for serving the execution. Whether the officer was or was not justifiable, in charging the fee allowed by the statute for serving an execution, is the only point in the case. The Circuit Court, on the case stated, was of opinion that the constable was not entitled to the fee, allowed by the statute for serving an execution, unless there was an actual levy upon property, and therefore decided that the defendant was guilty, and fined him accordingly.

On examining the statute regulating fees, we find the services of a constable, in relation to an execution, noticed in three distinct items. One fee of twenty-five cents is allowed for serving an execution; another, the same amount, for a sale of goods, to which an additional per cent. is allowed where the sum is above six dollars; and another of equal amount for commitment to prison; to which is added an allowance of half commission on all moneys collected without a sale. If the fee allowed by the statute, for serving an execution, be not demandable where the money is collected without a levy or sale of property, in cases

like the present where the sum is less than six dollars, the constable is bound to render that service without any compensation. But as constables are, by the statute, allowed fees for services of minor importance and less responsibility, we can hardly suppose it was the intention of the legislature, that they should be bound to perform that duty without a fee. Where there is no service of the writ, no mileage is allowed. If then the construction given to the statute by the Circuit Court be correct, the constable is bound to travel, be the distance what it may, to the debtor's residence, and collect the money, and pay it over without any reward for his labour. But what are we to understand by serving an execution? Has not an officer served a writ when he has obeyed the command of that writ? What does the writ of execution require of the officer to whom it is directed? The requisition is, that, of the goods and chattels of the execution debtor, he cause to be made the sum named in the writ. When he has done this, he has fully obeyed the command of the writ. If he can do this without a distress and sale, he renders as full and complete a service, and as beneficial a one to all concerned, as if he had taken all the coercive steps within the compass of his authority; and is, in justice and equity, as fully entitled to a compensation for the service. This appears to us the most fair, equitable, and rational construction of the statute on this subject. We therefore think the opinion of the Circuit Court incorrect.

*Per Curiam.*—The judgment is reversed. To be certified, &c.

*Caswell*, for the plaintiff.
*Moore*, for the state.