<div style="text-align:right">ALBANY,<br>Feb. 1827.<br><br>The People<br>v.<br>Whaley.</div>

<div style="text-align:center">Judgment reversed.</div>

---

<div style="text-align:center">THE PEOPLE <em>against</em> WHALEY.</div>

THE defendant was indicted, at the general sessions of *Oneida* county, for extortion as a justice of the peace.

The first count of the indictment stated, that *Butler* appeared before the defendant, a justice of *Oneida*, at the suit of *Grant*, on the return day of a summons, *February 7th*, 1826, at 10 A. M. ; that the suit was discontinued by the non-appearance of the plaintiff. And that on the *7th* of *March*, the defendant, by color of his office, extorted from *Butler*, $25, under pretence that the suit had been adjourned on the *7th* of *February*, to another day, when judgment was entered against *Butler*. The 2d count was more general. Without setting out the proceedings, it charged the defendant with extortion, by color of his office, under pretence that a judgment had been entered before him.

On a plea of not guilty, it was proved at the trial, that *Butler* appeared on the *7th* of *February*, between 11 and

<div style="font-size:smaller">Where a defendant appeared before a justice, on a summons returnable at 10 A. M. ; and waited till about 12 o'clock, when the justice told him, he (the justice,) must tax the plaintiff with the costs, upon which the defendant departed ; but the justice afterwards adjourned the cause to another day ; and gave judgment as upon the summons, with 3 or 4 dollars costs ; and the defendant afterwards paid</div>

to the justice the amount of the note on which the suit was brought ; and the justice demanded the costs ; which the defendant refused to pay in full ; but paid the justice 12 1-2 cents ; *held*, that this was extortion in the justice, for which he might be indicted and punished criminally.

*Held* also, that the motives of the justice, as whether corrupt, or whether he acted through a mistake of the law, were a proper question for the jury.

*Held*, that he had a right to receive the money on the note, as the agent of the plaintiff ; but the extortion lay in receiving the 12 1-2 cents under pretence of the judgment.

Extortion is the taking of money by any officer by color of his office, either where none at all is due, or not so much due, or when it is not yet due.

When a cause is discontinued before a justice, by the laches of a plaintiff, the justice has no jurisdiction ; and if he proceeds in it, his proceedings are *coram non judice*, and void.

Extortion may be laid generally, in an indictment, by *color of office*.

12, A. M., on the summons as set forth in the indictment; that the plaintiff did not appear. That, just before, or after 12 o'clock, the defendant told *Butler*, he must tax the plaintiff with the costs. But after *Butler* left the defendant, he adjourned the cause to the 10*th* of *February*. In the afternoon of the 7*th*, *Butler* again saw the justice ; conversed with him about the note on which the suit was instituted, and ascertained the balance, for which *Butler* offered to confess judgment. But the defendant said nothing to him about any adjournment. On the 10*th*, the defendant entered judgment against *Butler*, not only for the note, but 3 or 4 dollars costs of previous summonses, fees of constable and witnesses. *Butler* afterwards paid the defendant the amount of the note, and 12 1-2 cents ; the defendant at the same time demanding the 3 or 4 dollars costs.

The court charged the jury, that if they believed that *Grant* was non-suited by the justice, or that the cause was discontinued before him, the subsequent proceedings were *coram non judice*, and void for want of jurisdiction ; and the receipt of any money from *Butler*, as fees upon a judgment, would be extortion, if they believed the defendant acted through corrupt motives. That if such were his motives, the judgment would not protect him. That it was for the jury to determine whether these facts were so, or not. But that if they believed the defendant acted without corrupt or dishonest motives, supposing that he had a right to proceed as he had done, it would be their duty to acquit him. That if his error was one of judgment merely, they should acquit.

The counsel for the defendant, considering the charge incorrect, suggested this, and the sessions made a case for the opinion of this court, which was attached to the indictment.

*S. Beardsley*, for the defendant, ( *G. C. Bronson*, same side,) now insisted that the judgment before the defendant was valid, either by the confession of *Butler*, or as rendered on the trial of a cause regularly adjourned. At

most, it was merely erroneous. (8 *John*. 391. 11 *id*. 407. 12 *id*. 217.) The court erred in leaving it to thé jury, to say whether there was a non-suit, or discontinuance. No non-suit is charged in the first count of the indictment; and no evidence was given, which, in its nature, would prove a non-suit. The jury were bound, therefore, not to regard it. (5 *Cowen*, 246.) A judgment could be rendered, only by entering it in writing. (*Burr. Set. Cas.* 322.) The mere declaration of the justice, that he would tax the plaintiff with the costs, was not a judgment. The question whether the cause was discontinued by the lapse of time, and absence of the plaintiff, should have been left to the jury.

The indictment is defective, in omitting to charge, that the money paid by *Butler* was not due in fact. (4 *Bl. Com.* 141. 2 *Ch. Cr. L.* 295, *note* (*p*). *Co. Lit.* 368, *b.* 1 *Hawk. P. C.* 316.) Beside, it is not extortion, unless received by the defendant, as *fees* for his own use. The payment was voluntary, and was due to *Grant*, excepting the 12 1-2 cents, which were due to the justice, for entering the judgment.

*H. Denio*, (*Dist. Attorney*,) and *Talcott*, (*Attorney General*,) contra, cited 9 *John*. 140; 1 *Hawk. P. C.* 316; 14 *Vin. Abr.* 363, *pl.* 8; 7 *East*, 218.

*Curia, per* SAVAGE, Ch. J. An objection is taken to the indictment, that the defendant is not charged with taking the money, *as fees*, or *to his own use*. It was not necessary to lay the offence in that manner; it is sufficient that he extorted it by color of his office. Extortion signifies, in an enlarged sense, any oppression under color of right. In a stricter sense, it signifies the taking of money by any officer, by color of his office; either, where none at all is due, or not so much due, or when it is not yet due. (1 *Hawk. B.* 68, *s.* 1.) And the cases cited by the defendant's counsel, do not shew any necessity for the averment insisted on.

The other questions relate to the correctness of the charge. I think it sound. The word *non-suit*, was prob-

ALBANY,
Feb. 1827,

The People
v.
Whaley.

ably used as synonymous with *discontinuance*; and though, perhaps, not technically correct, it could not mislead the jury. If the cause had become discontinued by the laches of the plaintiff, then the justice had no jurisdiction; and as well the adjournment as the subsequent proceedings, were void. If void, then the defendant received from *Butler*, one shilling, by color of his office, which was not due. The amount of the note was due; and, as the agent of *Grant*, the *payee*, the defendant had a right to receive it. The justice was authorized to enter a judgment on the note, by confession; and we might presume it to have been so entered, were it not positively proved that it was entered as upon trial, and not upon confession.

The questions of fact and intent, were fairly submitted to the jury. It was their province to judge of both, and of the credibility of the witnesses. The jury have found, by the verdict, that the cause before the defendant, had become discontinued before he entered the adjournment; and that he received and demanded the money by color of his office, and with the corrupt intent charged in the indictment. These facts being proved, the offence was complete. We are not now to enquire whether the verdict is such as we might have found. We are not here to decide the fact, but the law. There was no error in the charge; and I am of opinion, that the proceedings of the court below are not questionable in any view.