May Term, 1832.

THE STATE
v.
COGGSWELL.

---

## THE STATE v. COGGSWELL.

In an indictment for extortion where nothing was due, there must be an averment that nothing was due; and if the charge be for taking more than was due, the indictment must show how much was due.

ERROR to the *Hamilton* Circuit Court.

BLACKFORD, J.—This is an indictment against a justice of the peace for extortion. The indictment charges that the defendant, being a justice, &c., did, unlawfully and by colour of his office, take and extort from one *Robert Still* the sum of three dollars; which sum of three dollars was not then and there due to the said justice; and which sum was three dollars more than was then and there due to the said justice; contrary to the form of the statute, &c. There is a second count to the same effect with the first. The Circuit Court, on motion of the defendant, quashed the indictment.

This indictment is clearly defective. There is express authority for saying that, in an indictment for extortion where nothing is due, it must be averred that nothing was due; and that if the charge be for taking more than was due, the indictment must show how much was due. Neither of these allegations is contained in this indictment; and it cannot, therefore, be supported. *Lake's Case,* 3 Leonard's Rep. 268.—4 Comyn's Digest, 154.

*Per Curiam.*—The judgment is affirmed. To be certified, &c.

*H. Brown,* for the state.

*C. Fletcher,* for the defendant.