Nov. Term, 1840.

THE STATE
v.
STOTTS.

*Per Curiam.*—The judgment is affirmed, with 3 *per cent.* damages and costs.

*H. P. Thornton,* for the appellant.

*J. W. Payne,* for the appellees.

---

## THE STATE *v.* STOTTS.

It is not necessary in an indictment against a constable for extortion, in corruptly and by colour of his office collecting on an execution more than was due, to show what sum he had extorted for his fees.

Friday,
December 4.

ERROR to the *Morgan* Circuit Court.

SULLIVAN, J.—This was an indictment for extortion. The indictment charges that the defendant was a constable of *Washington* township·in *Morgan* county; that on, &c., at, &c., a writ of *fi. fa.* against the goods and chattels of one *Joseph Baker* came to his hands, by which he was required and authorized to levy the sum of 38 dollars and 89 cents; but that he did, unlawfully and corruptly and by colour of his office, demand and receive of and from said *Baker* the sum of 43 dollars and 6 cents, being 4 dollars and 17 cents more than was due, &c. On the trial of the cause the defendant was found guilty, but the Court arrested the judgment on account of the supposed insufficiency of the indictment (1).

The exception taken to the indictment was, that it did not show what sum the defendant extorted as and for his fees. By the common law, extortion, in a strict sense, is defined to be the taking of money by any officer by colour of his office, either where none at all is due, or not so much is due, or

where it is not yet due.  In a more enlarged sense, it signi-
fies any oppression by colour or pretence of right.  Bac.
Abr. tit. Extortion.  Our statute follows the definition of
the common law.  An indictment for extortion at common
law charged *J. S.* with the taking of 50s. as bailiff of an
hundred *colore officii*, without showing for what he took it,
and it was held good.  Sid. 91, cited in Bac. Abr. *supra.*
The case of *The People* v. *Whaley*, 6 Cow. 661, is also very
much in point.  In that case, the first count in the indictment
charged the defendant, who was a justice of the peace, with
having extorted from one *Butler* the sum of 25 dollars, under
pretence that there was a judgment on his docket against
*Butler* for that amount, when in truth the suit, on which said
pretended judgment was rendered, had been discontinued.
The second count was more general.  One exception taken
to the indictment, was, that it did not charge the defendant
with taking the money *as fees* for his own use; but the Court
decided that it was not necessary to lay the offence in that
manner; it was sufficient that he extorted it by colour of his
office.

The defendant in the indictment before us, being autho-
rized to collect from the execution-defendant 38 dollars and
89 cents, did by colour of his office and corruptly, as the
indictment charges, demand and receive more than was
due.  This, we think, is sufficient to constitute the offence,
and the Court should have rendered judgment on the verdict.

*Per Curiam.*—The judgment is reversed with costs.
Cause remanded with instructions to the Circuit Court to
render judgment on the verdict.

*W. J. Peaslee*, for the state.

*H. Brown*, for the defendant.

(1) .When the judgment is arrested on account of the insufficiency of the
declaration, a writ of error lies.  *Powell et al.* v. *Kinney et al.*, *Nov.* term,
1842.—*Contra, Horne* v. *Barney*, 19 Johns. 247.  The *State* v. *Kuns*, *ante*, p.
314, was a case in which the judgment had been arrested because of a sup-
posed defect in the indictment; and *The State* v. *Atkins*, *ante*, p. 458, was
such a case.