Dewey, J.
This was a prosecution for extortion. The indictment charges 'that the plaintiff in error being a constable, and having had placed in his hands as constable “a certain writ of fieri facias from under the hand and seal of Oliver T. Jones, an acting justice of the peace, &c., commanding him to levy and make the sum of $64.00 out of the goods and chattels of John Chapman, Joseph F. Chapman, and Jacob W. Fisher, not regarding, &c., did, on, &c., at &c., with force and 'arms, unlawfully and by colour of his said office, demand and receive of said defendants mentioned in said writ the sum of $69.00,” being $5.00 more than was due on said writ. Plea, not guilty. Judgment for the State.
On the trial, the State offered in evidence an execution of fieri facias issued by the justice named in the indictment, and directed to the plaintiff in error, reciting a judgment in favour of Fdmund' Jones against the persons named as defendants in the execution mentioned in the indictment, for the sum of $110.43 with interest and costs of suit, and commanding the plaintiff in error “to levy and make the said debt, interest and costs.” An objection to the admissibility of the testimony was overruled.
It is contended by the plaintiff in error that the Court erred in admitting the execution in evidence; and that the indictment is fatally defective. We think he is right on both grounds.
There is a variance between the execution mentioned in the indictment, and that offered in evidence. By one the constable was commanded to make $64.00, and by the other $110.43. The execution should have been described in the indictment according to its face; and if the amount called for had been reduced by payments, that fact should have been averred.
The indictment is too vague. The recital contained in the execution showing the judgment on which it issued should have been set out; and the names of both parties to the execution should have been alleged. These averments were .necessary -in order to enable the party accused to defend himself against a second prosecution for the same offense.
J. B. Julian, for the plaintiff.
H. O’Neal, for the State.
*Per Curiam.—The judgment is reversed. Cause remanded, &c.