Nov. Term,
1851.

THE STATE
v.
BURTON.

</div>

---

THE STATE *v.* BURTON.

A county treasurer who exacts and receives from a tax-payer a fee as for a-distress and sale of his goods for taxes, when none have actually been made, is guilty of extortion.

ERROR to the *Franklin* Circuit Court.

SMITH, J.—This was an indictment against the defendant in error for extortion. The charge is, that on the 5th day of *January,* 1850, at, &c., the defendant, being the treasurer of said county of *Franklin,* did unlawfully, extortiously, and by color of his office, extort, demand, and receive from one *Michael Owens,* the sum of 35 cents as and for a fee due him as such treasurer, for making distress and sale of goods and chattels of the said *Owens* for the payment of taxes then due the said state and county, whereas, in truth, and in fact, no distress and sale of the goods and chattels of the said *Owens* for the payment of taxes had been made, and no fee. whatever was then due from said *Owens* to the defendant. The indictment was quashed on the defendant's motion.

The defendant in error contends that he had a right to exact the fee charged in the indictment, before and without a distress and sale, as the fees allowed a constable for serving and returning an execution. He claims this right under the statute regulating fees contained in the Revised Code of 1838, p. 296, and the 56th and 59th

<div style="text-align:right">

*Friday,*
*November* 28.

</div>

Nov. Term,
1851.

THE STATE
v.
BURTON.

sections of chapter 12, in the Revised Code of 1843, p. 218.

By the 56th section above referred to, and which has been amended, as to time, by a subsequent statute, it is enacted that in case any person shall neglect or refuse to pay the tax imposed on him, the county treasurer shall, after the 1st day of *January*, levy the same and the costs and charges that may accrue, by distress and sale of goods and chattels, &c. The 59th section is as follows:

" The treasurer shall be allowed the same fees and charges, except mileage, for making distress and sale of goods and chattels for the payment of taxes, as may be allowed by law to constables for making levy and sale of property on execution."

The statute regulating fees and salaries, authorizes a constable to charge 25 cents for serving an execution, and 10 cents for returning the writ, and the defendant insists he had the right to make similar charges for taxes collected after the 1st day of *January*. The case of *Roop* v. *The State*, 1 Blackf. 323, is cited in support of this position. In that case an execution was delivered to a constable, who called on the execution-debtor, and collected the money without levying on any property; and it was held that this was a sufficient service of the execution to authorize the constable to charge the fee of 25 cents.

But we do not think that case is analogous to the one now before us. Where a constable collects money on execution without making a sale, he is entitled to charge only half the commissions chargeable when a sale is made, but the treasurer receives his regular commissions for collections, in all cases; and the 59th section, above quoted, seems to contemplate that he shall receive additional compensation for his services only when he is required to perform additional labor. No execution is placed in the treasurer's hands, unless the duplicate tax-list could be so considered, and this, certainly, does not require a service and return like an execution. It serves to determine the amount of taxes due by the persons whose names are contained in it, and if such taxes are

not paid before a certain date, the treasurer is authorized to collect the same by distress and sale. If he is actually required to make a distress and sale, in order to collect such taxes, the law provides that he shall have compensation for so doing, but we can perceive no good or even plausible grounds for considering the mere receipt of taxes, after the 1st day of *January*, as a constructive service and return of the duplicate, similar to that required of a constable having an execution in his hands.

We are, therefore, of opinion that the fees alleged to have been exacted by the defendant in this case were illegal, and that the Circuit Court erred in quashing the indictment.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Wallace*, for the state.

*G. Holland, J. Ryman, J. A. Matson*, and *J. D. Howland*, for the defendant.