Filed May 29, 1894.

---

1,198.

## THE STATE *v.* ODEN.

CRIMINAL LAW. — EXTORTION. — *Fees.* — *Indictment.* — An indictment charging the defendant with extortion in receiving illegal fees, to be sufficient, must allege that the fees received were for official services.

From the Boone Circuit Court.

*A. G. Smith,* Attorney General, and *P. H. Dutch,* Prosecuting Attorney for State.

GAVIN, J.—The appellee was indicted under section 2018, R. S. 1881, being section 2115, R. S. 1894, for extortion in receiving illegal fees. Upon his motion the indictment was quashed. This ruling constitutes the error upon which this appeal is grounded.

The statute provides that "any officer under the constitution or laws of this State who, by color of his office, asks, demands or receives any fee or reward, other than is allowed by law, to execute or do his official duty, or takes, charges, asks, demands or receives any more or greater fees than are allowed by law for such official duty * * * * * shall, upon conviction, be fined," etc.

It will be seen, from an examination of this statute, that the penalty is confined to asking, demanding or receiving illegal fees for the past or future performance of official duties. To constitute the crime here denounced, the sum demanded or received must at least be claimed as due the officer for services in his official capacity.

There are some earlier cases which impliedly recognize that an indictment would be good which charges a wrongful collection by an officer by color of his office of more than was due, without specifying whether the sum thus obtained was claimed to be due the officer individually, or in his official capacity, or to any one else. *State* v. *Coggswell*, 3 Blackf. 54; *State* v. *Stotts*, 5 Blackf. 460; *Seany* v. *State*, 6 Blackf. 403; *vide*, also, *People* v. *Whaley*, 6 Cow. 661.

These cases, however, refer to extortion as defined by the common law, which embraced a much wider scope than our statutory extortion. Extortion, at common law, was "any officer's unlawfully taking, by color of his office, from any man, any money or thing of value that is not due to him, or is more than is due, or before it is due." 4 Black. Com. 141; 1 Bishop Com. Law, section 573.

The distinction was clearly made in Massachusetts, where it is held that "to subject an officer to the penalty provided by the statute, it must be proved that the sum alleged to have been extorted was demanded as a fee for some official duty." *Runnells* v. *Fletcher*, 15 Mass. 525.

According to some authorities, in order to constitute the statutory extortion, there must have been some official service rendered for which more pay is demanded or received than is allowed by law. *Shattuck* v. *Woods*, 18 Mass. 171; *Hays* v. *Stewart*, 8 Tex. 358.

We are not required, however, to, and do not, go so far. It is sufficient for the purposes of this case for us to say that, under the statute, the fee must at least be claimed to have been due as a fee for some official service.

In the later Indiana cases, the safer course seems to have been followed, and it is clearly set forth in the indictments that the sums were claimed for official services. *State* v. *Moore*, 1 Ind. 548; *State* v. *Burton*, 3 Ind. 93.

In form No. 907 of Wharton's Prec. of Indicts., the necessity of such an allegation is recognized.

The form prescribed in Gillett's Crim. Law, section 434, which seems to have been followed by the prosecuting attorney in all other respects, contains the allegation that the money was received for fees due to him, "the said A. B., as such clerk as aforesaid, in a suit, etc."

The indictment under consideration wholly fails to show that the appellee received the money as fees for the performance of any official duty or in his official capacity. So far as the allegations of the indictment advise us, it may have been claimed by him for services as witness or juror in the case. With reference to that portion of the indictment which charges that the money was received as due to the mayor or to the State, it is only necessary to say that it is wholly without the statute.

Our conclusion, therefore, is that the court did not err in sustaining the motion to quash.

Judgment affirmed.

Filed May 29, 1894.