## BYAM VS. THE STATE.

*An indictment which declares that the jurors, being "duly summoned, and then and there impanneled, sworn, &c., \* \* do present" &c., without using the words "upon their oaths," sufficiently avers that the presentment is upon oath.*

ERROR to the Circuit Court for *Sauk* County.

The case is stated in the opinion of the court.

*Welch & Lamb* and *S. S. Wilkinson*, for the plaintiff in error.

*The Attorney General*, for the state.

*By the Court*, DIXON, C. J. Indictment for assault with attempt to murder. After trial and verdict of guilty of the assault, the plaintiff in error (defendant below) moved in arrest of judgment, because it did not appear that the indictment was found upon the oaths of the grand jury. The motion was overruled, and the case comes here upon that question. The indictment contains two counts. Objection is taken only to the first. So far as material to the point at issue, it is in these words: "The jurors of the grand jury, good and lawful men of the county of Dane, and state of Wisconsin, duly summoned and then and there impanneled, sworn and charged to inquire in and for the body of the county of Dane and state aforesaid, do present: That *Philander Byam*, late of," &c.

We are of opinion that this was a sufficient averment that the offense charged in the first count was found and presented upon oath. The utmost accuracy of pleading and strictest adherence to form might possibly require the addition of the words *"upon their oaths,"* but this would be but repetition. When the count contains other equivalent expressions, it cannot be that the omission is fatal. It is at most but matter of inducement, and not of the substance of the accusation. We cannot therefore indulge in too much refinement upon the language employed. The jurors returned that being impanneled, *sworn* and charged, they made the presentment. This was a presentment on oath. The jurors so understood it, and so must we.

It does not appear from the report that the defective count in *State vs. McAlister*, 26 Maine, 374, contained this or any equivalent *recital.* If it had, it is obvious that the decision would have been different.

Judgment affirmed.