CASE 9—INDICTMENT No. 7—DECEMBER 7.

# Commonwealth vs. Mitchell.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. Extortion, which is an offense at common law, is defined to be an abuse of public justice, which consists in any officer's unlawfully taking, by color of his office, from any man, any money or thing of value that is not due him, or more than is due him, or before it is due— the punishment for which is fine and imprisonment, and sometimes a forfeiture of the office. (4 *Blackstone*, 141.)
2. An indictment charging the defendant, a jailer, with the offense of extortion, by willfully and corruptly compelling a prisoner to pay him money to which he was not entitled—*held to be good*, and that the facts set forth were sufficient to constitute the offense charged·
3. If the marshal brought the prisoner to the jailer without an order of commitment, he should not have received him; and it was his duty to have discharged him at once without demanding or receiving any money or thing of value from him whatever therefor.

JOHN RODMAN, Attorney General,                For Appellant,
CITED—
*Rev. Stat.,,sec.* 2, *art.* 16, *chap.* 28, 1 *Stant,* 396.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

The grand jury of Daviess county found an indictment against appellee for extortion, committed substantially as follows : That one O'Bryan was arrested by the marshal of the city of Owensboro for being intoxicated, swearing, and otherwise misbehaving, and was delivered to appellee as jailer of Daviess county, to be confined in the jail of said county until the day following, and then and there to be tried by the city judge for the offenses charged against him; that he was committed about 6

o'clock in the evening and detained until 10 *P. M.*, when appellee willfully and corruptly compelled said O'Bryan to pay him five dollars, charged as his fee for receiving and detaining him in the jail as aforesaid, which sum he collected, and then and there corruptly and voluntarily set him at liberty, and permitted him to depart; said appellee then being the jailer of said county.

To the indictment a demurrer was sustained, and the Commonwealth has appealed.

Extortion, which is an offense at common law, is defined to be an abuse of public justice, which consists in any officer's unlawfully taking, by color of his office, from any man, any money or thing of value that is not due him, or more than is due, or before it is due—the punishment for which is fine and imprisonment, and sometimes a forfeiture of the office. (4 *Black.*, 141.)

The fees which appellee was authorized by law to charge a prisoner properly committed to his custody, are forty cents for putting in and releasing a prisoner, and for keeping in jail, dieting, &c., fifty cents per day; so that the fees which by law he was entitled to demand, could not exceed ninety-five cents as attached to his office, and to demand and receive more than the amount specified, according to the definition of the term, was extortion, the same having been taken under color of his office, if O'Bryan was imprisoned by lawful authority; and if, as appears to be the case, the marshal brought the prisoner to him without an order of commitment, he should not have received him; and it was his duty to have discharged him at once without demanding or receiving any money or thing of value from him whatever therefor.

It therefore appears that the facts set forth in the indictment are sufficient to constitute the offense charged.

Wherefore, the judgment is reversed, and the cause is remanded, with directions to overrule the demurrer to the indictment, and for further proceedings consistent herewith.