## CROSS vs. THE STATE.

*April 14 — May 10, 1882.*

CRIMINAL LAW AND PRACTICE. *(1) Mode of charging assault with intent to murder. (2) Evidence of intent. Degree of proof. (3) Instruction considered. Presumption. (4) Whether drunkenness an excuse. (5) Setting aside verdict.*

1. An information under sec. 4376, R. S., which charges the defendant with unlawfully and feloniously making an assault upon S., " said defendant being then and there armed with a dangerous weapon,

| 55 | 261 |
| 85 | 206 |
| 55 | 261 |
| 104 | 233 |
| 55 | 261 |
| 111 | [4]142 |

to wit, a revolver pistol, with intent then and there to kill and murder said S.," is not bad (on motion in arrest of judgment) for failing to charge that the assault was made "with malice aforethought," or "with a premeditated design to kill and murder said S.," nor for failing to allege that the pistol was "loaded with powder and a leaden bullet." R. S., secs. 4659, 4669.

2. There was no error in refusing to instruct the jury that the intention of the deceased could not be inferred from his acts, or that they should acquit him unless convinced "beyond any doubt" of his intention to kill.

3. Where the proof was that S. (the person assaulted) was shot in the head, there was no error in charging that if the jury believed that defendant, "having a deadly weapon, a pistol or revolver," "went to the door and then turned around and deliberately shot" S., they would be justified in presuming that he intended to take S.'s life.

4. Evidence was admitted tending to show that defendant was in some degree intoxicated, and the jury were instructed that if they believed that he was frenzied from the use of liquor, so that he was incapable of knowing what he was doing, they would be justified in acquitting him, and that they were to take all the circumstances together, and see whether he had acted with deliberation. No more definite instruction was asked for defendant. *Held*, that there was no error in further charging, that "drunkenness is no excuse for crime."

5. On defendant's motion to set aside the verdict against him for misconduct of the sheriff in respect to the jury, no proof was offered of such misconduct, and the motion was denied; and defendant's subsequent motion for leave to file affidavits of the alleged misconduct, at any time during the term, *nunc pro tunc*, was also denied. *Held*, no error.

ERROR to the Municipal Court of *Milwaukee* County. The case is stated in the opinion.

*Adolf Herdegen*, for the plaintiff in error.

For the defendant there was a brief signed by the *Attorney General*, and oral argument by *H. W. Chynoweth*, Assistant Attorney General.

TAYLOR, J. The plaintiff in error was tried upon an information for an assault with an intent to murder. The fol-

lowing is a copy of the information (after the title): "I, W. C. Williams, district attorney for said county, hereby inform the court that on the 28th day of November, 1881, at said county, *Isaac W. Cross*, with force and arms, in and upon one John Schuk, he, the said John Schuk, in the peace of the state then and there being, unlawfully and feloniously did make an assault, he, the said *Isaac W. Cross*, then and there being armed with a dangerous weapon, to wit, with a revolver pistol, with intent then and there to kill and murder him, the said John Schuk, against the peace and dignity of the state of Wisconsin." To this information the plaintiff in error pleaded not guilty. He was tried and convicted of the offense charged in the information, and sentenced to imprisonment for five years. After the verdict, and before judgment, the plaintiff in error moved in arrest of judgment on the ground that the information was insufficient, which motion was overruled and exception taken. The information was under section 4376, R. S. 1878, as amended by chapter 79, Laws of 1881, which reads as follows: "Any person being armed with a dangerous weapon who shall assault another with intent to rob or murder, shall be punished by imprisonment in the state prison not more than fifteen years nor less than one year."

The motion in arrest was based upon two grounds: *First*, that the information is bad because it does not charge that the assault was made with malice aforethought, or with a premeditated design to kill and murder the said Schuk; and *second*, because it does not sufficiently show that the accused was armed with a dangerous weapon. It was held by this court in the case of *State v. Fee*, 19 Wis., 562, that an indictment under section 35, ch. 164, R. S. 1858, which is in the identical language of section 4376, R. S. 1878, except as to the term of punishment, was insufficient because it did not charge the assault to have been made feloniously and "with malice aforethought," with intent, etc.; but in *Kilkelly*

*v. State*, 43 Wis., 604, it was held that an information based upon the same section of the revised statutes of 1858 was sufficient in the form of the one filed in the case at bar, without the words "of his malice aforethought," or other equivalent words. This last opinion was based upon the change made in the criminal laws of this state by chapter 137, Laws of 1871. Section 20 of said chapter 137, now section 4669, R. S. 1878, reads as follows: "When the offense charged has been created by any statute, or the punishment of such offense has been declared by any statute, the indictment or information shall, after verdict, be held sufficient to warrant the punishment prescribed by the statute, if it describe the offense in the words of the statute, or in words of substantially the same meaning; and words used in the statutes to define a public offense need not be strictly pursued in charging an offense under such statutes, but other words conveying the same meaning may be used." Justice LYON, in commenting upon the change of the law worked by the enactment of section 20, ch. 137, Laws of 1871, says: "We borrowed the act of 1871 from the statutes of Michigan, in which will be found both of the above sections in substance. In 1866 the supreme court of that state held that under section 6059 (which corresponds with our section 20, ch. 137, Laws of 1871, now section 4669, R. S. 1878) an information charging an assault with intent to kill and murder contains a sufficient description of that offense. *Rice v. People*, 15 Mich., 9. The Michigan statute describes the offense as an assault 'with intent to commit the crime of murder.' Our statute is the same. The statute having received a construction by the highest tribunal of that state before it was adopted here, we are bound by that construction. *Draper v. Emerson*, 22 Wis., 147; *Perkins v. Simonds*, 28 Wis., 90; *Wiesner v. Zaun*, 39 Wis., 188. It must be held, therefore, that the information sufficiently charges that the plaintiff in error assaulted Mapes with intent to murder him."

The information which the court had under consideration in that case, charged that on a day and at a place therein named, the accused, " being armed with a dangerous weapon, to wit, a knife, did feloniously, with and by means of such deadly weapon then in his hand, make an assault upon one Charles Mapes, and him, the said Charles Mapes, did then and there with such deadly weapon cut, beat and ill-treat, with intent to murder the said Charles Mapes, against the peace," etc.    The case of *Kilkelly v. State* was affirmed and followed by this court in *Bonneville v. State*, 53 Wis., 680.    The information in that case and the one in the case at bar are in all respects the same upon the point in question.    The objection that it should have charged the assault to have been made "with malice aforethought," as well as feloniously, was properly overruled.

The objection that the allegations in the information do not show that the plaintiff in error was armed with a dangerous weapon, we think was also properly overruled. Under the decisions above cited it would probably be unnecessary to state the kind of weapon, except to state that it was a dangerous one; but if it be necessary, it was sufficiently stated in the information.    Section 4659, R. S. 1878, provides that no information shall be deemed invalid, nor shall the trial, judgment or other proceeding thereon be affected, by certain things named, and then adds: nor " by reason of any other defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant." We are unable to see how the defendant could be prejudiced by reason of the neglect of the district attorney to state that the "revolver pistol" was at the time "loaded with powder and a leaden or other bullet."    The defendant was notified by the information that he was charged with making an assault, being armed with a dangerous weapon, to wit, a "revolver pistol," with intent to murder.    It might be material on the trial, in order to prove the murderous intent, to prove that the revolver was loaded; but it could not prejudice

the defendant that it was not stated to be so loaded in the information. The motion in arrest, we think, was properly overruled.

The counsel for the plaintiff in error insists that the learned judge who presided at the trial erred in refusing to give the jury the following instructions asked by him: "(1) When a man is charged with an attempt to commit a crime, the intention of the party cannot be derived from the acts of the defendant. (2) Unless you are convinced beyond any doubt that the defendant intended to kill John Schuk, you must acquit the defendant of the charge of an attempt to kill and murder John Schuk." It is wholly unnecessary to enter into any argument to justify the learned judge in refusing to give these instructions. They were clearly improper, and were rightly rejected.

The learned counsel further insists that the verdict is not supported by the evidence. There is certainly evidence sufficient to support the verdict; and although the jury might, without any violation of their oaths, have come to a different conclusion and found that there was no intent to murder, we are unable to say, from all the evidence in the case, that the conclusion they reached was not the true one.

It is also insisted that the court erred in giving the jury instructions, to which exceptions were duly taken. The exceptions to the instructions are set out in the record as follows: *First*, to the instruction, "If you believe he did go to the door, and then turn around and deliberately shoot this man, you are justified in presuming, if he had a deadly weapon, a pistol or revolver, that he intended to take the life of this man." We see no objection to this instruction under the evidence in this case. It is true, a man might deliberately shoot at another with a pistol, and such shooting not be conclusive evidence, or even very strong evidence, of an intent to kill, depending upon the attendant circumstances. If it appeared that he purposely aimed at the leg or

arm or other part of the body, which if struck would not be likely to prove fatal, it would not be even slight evidence of an intent to kill; but if aimed at the head or other vital part, the inference would be very strong that the intent was to kill. In the case at bar, the proof shows that the ball fired by the defendant struck the head of Schuk, and if, as the judge remarked to the jury, that shot was deliberately fired by the defendant at Schuk, they would be justified in presuming that he intended to take his life.

The *second* exception was taken to the following remark of the judge: "As you have heard stated and read from books, 'drunkenness is no excuse for crime.'" This certainly has been very often said by the most learned jurists, and has received the sanction of the highest and most learned courts. But it is urged by the learned counsel for the plaintiff in error, that, although drunkenness is no excuse for crime, the fact that the accused was in a state of intoxication at the time may be considered by the jury in determining whether the accused intended to commit the crime with which he is charged, and that this is especially so where he is charged with an assault with intent to murder or commit some other felony. For this purpose most courts have held that the fact that the accused was drunk at the time of the commission of the act with which he is charged, is admissible evidence. This rule is not inconsistent with the one stated by the court, "that drunkenness is no excuse for crime." The evidence, when admitted, is not admitted as an excuse for the crime, but as tending to show that the accused did not commit the crime charged. In this case the court permitted the accused to show that he had been drinking intoxicating liquors at the time, and was to some extent intoxicated. The learned judge also charged the jury that if they believed the accused was frenzied from the use of liquor, so that he was incapable of knowing what he was doing, they would be justified in acquitting him. "You are to take all the circumstances

together, and see whether he has acted with deliberation." If the counsel desired any more definite instructions as to what force should be given to the fact of the drunkenness of the defendant at the time of the shooting, he should have called the attention of the court to it by a request to instruct more fully and particularly upon the subject. The instruction given submitted the fact of the drunkenness of the defendant in general terms to the jury, as a fact which they might consider in determining the question of the coolness and deliberation of the defendant's acts; and it cannot be alleged as error that he did not instruct them more at length on the subject, unless he was requested so to do.

The other instructions excepted to were properly given under the evidence in the case. Taking the charge of the court as a whole, it presented the case fairly to the jury, and the defendant was not prejudiced thereby.

The learned counsel further alleges as error that the court refused to set aside the verdict and grant a new trial, because he alleges that after the jury retired to deliberate on their verdict, and before they returned a verdict, they requested the officer in charge of them to call the judge to give them certain further instructions, and that the sheriff refused so to call the judge, contrary to the' wishes of the jury, but informed them that he would call the judge as soon as they had concluded on a verdict. On his motion to set aside the verdict no proof was offered to substantiate the statement made by the counsel, and the motion was overruled. The defendant then asked leave to file affidavits of the fact at any time during the term, *nunc pro tunc*, which was denied by the court. We see no error in the ruling of the court in this matter. The defendant should have prepared and produced his proofs of the facts alleged before asking the court to set aside the verdict for the irregularity, if any such existed, so that the court might have seen the extent of it, and determined whether it was such an irregu-

Cross vs. The State.

larity as ought to set aside the verdict. As no proofs have ever been made of the charge, either in the court below or in this court, we do not feel called upon to give any opinion as to what effect the alleged refusal of the sheriff to take the jury before the judge, for further instructions, when requested to do so by them, would have upon their verdict.

We find no error in the record which would justify us in reversing the judgment.

*By the Court.*— The judgment of the municipal court of Milwaukee county is affirmed.