HINTZ vs. THE STATE.

*October 23 — November 20, 1883.*

*Criminal pleading — Incest.*

An information charging that, at a certain time and place, "O. H. did have incestuous connection with P. H., daughter of said O. H. and his wife, A. H., contrary to the statute," etc., is *held* sufficient, after verdict, to warrant the punishment for incest prescribed by sec. 4582, R. S.

ERROR to the Circuit Court for *Green Lake* County.

The case is thus stated by Mr. Justice CASSODAY:

"The information contained two counts. By the first it is, in effect, alleged that on July 13, 1881, at Green Lake county, '*Otto Hintz* did have incestuous connection with Pauline Hintz, daughter of said *Otto Hintz* and his wife, Augusta Hintz, contrary to the statute in such case made

and provided, and against the peace and dignity of the state of Wisconsin.'    At the close of the trial, and under the charge of the court, the jury returned the following verdict: 'We, the jury, find the prisoner guilty as charged in the *first* count of the information.'    Whereupon the defendant then and there moved an arrest of judgment upon the verdict, for the reason that the said first count of the information charges no offense under the statute.    This motion was overruled, and the defendant excepted; and the court thereupon gave judgment against the prisoner, and sent him to the state prison."

For the plaintiff in error there was a brief by *Waring & Eichstaedt*, and oral argument by *Mr. Waring*.

It is a cardinal rule in criminal pleading that the facts and circumstances constituting the offense must be specifically set forth.    *State v. Gaffrey*, 3 Pin., 369; *State v. Morey*, 2 Wis., 494; *Fink v. Milwaukee*, 17 id., 26; 1 Bishop on Crim. Proc., 81, 135, 329, 331, 508; Const. of Wis., art. V, sec. 7.    To charge one with the commission of an offense under sec. 4582, R. S.,[1] it must be alleged that the persons sought to be charged, (1) were within the degree of consanguinity within which marriages are prohibited, and (2) have intermarried with each other, *or* that they have committed adultery or fornication *with each other*.    It is as essential to allege the consanguinity as to allege the act which constitutes the crime, and it must be alleged as an independent issuable fact and not, as here, merely by way of recital. Again, this information fails to show whether the defendant is charged with marrying his daughter or with committing

[1] Sec. 4582, R. S., reads as follows: "Any person being within the degree of consanguinity within which marriages are prohibited, or declared by law to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished by imprisonment in the state prison not more than ten years, nor less than two years."— REP.

fornication with her. The term "incestuous connection" is general and comprehensive enough to include both offenses. When a statute creates an offense and describes its ingredients, an indictment under it must conform to the description given. *State v. Mahan*, 2 Ala., 340; 17 id., 181; 18 id., 415; *Phelps v. People*, 72 N. Y., 349; *Koster v. People*, 8 Mich., 431; *Baker v. State*, 30 Ala., 521; *Bergen v. People*, 17 Ill., 426; *Williams v. State*, 2 Ind., 439; *State v. Winright*, 12 Mo., 410; *Peek v. State*, 2 Humph., 78; *People v. Allen*, 5 Denio, 76; *Ike v. State*, 23 Miss., 525. The term "with each other" implies a mutual act. In the common use of language if the defendant perpetrated a rape upon his daughter it would be said that the connection was incestuous, but there could be neither fornication nor adultery unless there was mutual consent. The information is insufficient, therefore, in that it does not allege that the acts, whatever they were, were mutual. *People v. Harriden*, 1 Parker's Crim. R., 344; *State v. Shear*, 51 Wis., 462; 2 Archb. Crim. Pl., 1042; *Baumer v. State*, 49 Ind., 544; Bishop on Stat. Crimes, secs. 702, 721, 731; *State v. Byron*, 20 Mo., 210; *Noble v. State*, 22 Ohio St., 541; *Delany v. People*, 10 Mich., 241; *State v. Tom*, 2 Dev., 568; *Turpin v. State*, 4 Blackf., 72.

*The Attorney General*, for the defendant in error:

Sec. 4582, R. S., is the same as sec. 15, p. 2118, R. S. of Mich., 1871, except that the first two words in the Michigan statute are in the plural. As construing the Michigan statute, see *State v. Thomas*, 53 Iowa, 214; *People v. Rouse*, 2 Mich. N. P., 209; *Delany v. People*, 10 Mich., 241, 244; *Hicks v. People*, id., 395; *Comm. v. Goodhue*, 2 Met., 193; *Noble v. State*, 22 Ohio St., 541; *Cook v. State*, 11 Ga., 53, 55. See, also, definition of incest in Bouvier's Law Dict.; Bishop on Stat. Crimes, sec. 727. The information is good as to the charge of relationship. *Noble v. State*, 22 Ohio St., 541; *Bergen v. People*, 17 Ill., 426.

CASSODAY, J. The absence of all testimony in the record is a manifest confession of its sufficiency to sustain the verdict. The impartiality of the jury is not denied. The fairness of the trial court during the trial is not questioned. The innocence of the plaintiff in error is not claimed. A "conspiracy to corrupt the innocence of a young female" was regarded, a hundred years ago, as an offense contrary to good morals; but the offense here charged or attempted to be charged is far more cruel and inhuman, and is without one mitigating or extenuating circumstance. No release from imprisonment is asked upon the merits, but only by reason of the alleged failure to state the offense in the apt and technical phraseology found in the precedents and arbitrary rules of the misty past. But, in the beneficent language of Sir MATTHEW HALE, "we must remember that laws were not made for their own sakes, but for the sake of those who were to be guided by them." In the spirit of that, and many similar suggestions, our criminal code has wisely discarded in pleading many of the old forms of expression and technical requirements, which only served to unlock the doors of prisons, and allow the guilty to go free.

The statute expressly provides that no indictment or information shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of having omitted the addition of the defendant's title, occupation, estate, or degree, or by the omission of the words "with force and arms," or any word of similar import, or by reason of omitting to charge any offense to have been committed contrary to a statute, or to several statutes, or by reason of any other defect or imperfection in matters of form which shall not tend to the prejudice of the defendant. Sec. 4659, R. S. True, the offense charged must be stated in plain, concise language, without prolixity or unnecessary repetition. Sec. 4650, R. S. The information is sufficient, however, if it can be understood therefrom that it is pre-

sented by the person authorized by law to prosecute the offense; that the defendant is named therein; that the offense was committed within the jurisdiction of the court, or is triable therein; that the offense charged is set forth with such degree of certainty that the court may pronounce judgment upon a conviction, according to the right of the case. Sec. 4658, R. S. Certainly, the count in question is not to be criticised for "prolixity or unnecessary repetition." No one will condemn it for containing surplusage. It is doubtful whether its poverty of expression in stating the offense was ever excelled in any information or indictment held to be good. Its language is sufficiently informal, plain, and concise to satisfy the most ultra believer in judicial reform. Still we are not prepared to say that it should be condemned. Its form is substantially that prescribed by sec. 4657, R. S. The only difficulty we have had is in the stating of the offense.

But it is alleged that *Otto* did have incestuous connection with Pauline, daughter of the said *Otto* and his wife, Augusta, contrary to the statute in such case made and provided, etc. "Incestuous connection," according to Worcester, means "sexual intercourse between persons who, by reason of consanguinity or affinity, cannot lawfully be united;" according to Webster, "the crime of cohabitation or sexual commerce between persons related within the degrees wherein marriage is prohibited;" and according to the Imperial, "the crime of cohabitation or sexual commerce between persons related within the degrees wherein marriage is prohibited by the laws of a country." In this state marriage is expressly forbidden by statute "between parties who are nearer of kin than first cousins." Sec. 2330, R. S. The statute declares that "any person being within that degree of consanguinity, who shall intermarry with each other, or who shall commit adultery or fornication with each other, shall be punished." Sec. 4582, R. S. It is claimed that this

section makes three offenses, and that the information should definitely show which one is intended to be charged. It is evident that this count did not attempt to charge marriage between the parties named, because that offense would be complete by such parties merely intermarrying with each other, without any such "incestuous connection."

The second count of the information particularly charged fornication with each other between these parties so related, and as to that it is claimed the plaintiff in error was acquitted by failure to convict. This being conceded, it would seem that the incestuous connection charged in the first count can only be sustained on the theory that, the parties being within the degree of consanguinity named, the plaintiff in error did commit adultery with his daughter named. But this court has held that " a married man who has sexual intercourse with an unmarried woman thereby commits the crime of adultery." *State v. Fellows*, 50 Wis., 65. If, therefore, it appears from the first count that *Otto* was, at the time of the incestuous connection, a married man, then it does, in effect, charge that he committed such adultery. It does allege, in effect, that on the day named *Otto* did have incestuous connection with Pauline, daughter of said *Otto and his wife, Augusta.* From this we must assume that Augusta was living at the time, otherwise she would not then have been his wife. Such being the manifest intent of the allegation, the information after verdict must be held sufficient to warrant the punishment prescribed by sec. 4582, R. S., for it describes the offense in words of substantially the same meaning as those contained in that section, and this, under our statute, is all that is required. Sec. 4669, R. S.; *Bonneville v. State*, 53 Wis., 685; *Cross v. State*, 55 Wis., 264.

*By the Court.*— The judgment of the circuit court is affirmed.