## PLANK VS. GRIMM.

*January 16 — February 3, 1885.*

*Assault and battery: Evidence: Intent: Self-defense.*

1. The defendant in an action for assault and battery may testify as to the intent with which he approached the plaintiff, and also as to what he thought the plaintiff was about to do with an axe which he raised in his hand.

2. Evidence showing, among other things, that the defendant, after disarming the plaintiff, threw him upon the floor and struck him, is *held* not to sustain a plea of self-defense or support a verdict in favor of the defendant.

APPEAL from the Circuit Court for *Columbia* County. The facts will sufficiently appear from the opinion.

The cause was submitted for the appellant on the brief of *Jones & Sanborn*, and for the respondent on that of *G. W. Cate*.

TAYLOR, J.   The appellant brought his action in the circuit court to recover damages against the respondent for an alleged assault and battery committed by the respondent upon the person of the appellant.   The case was tried in the circuit court by a jury, and a verdict was rendered in favor of the respondent; and thereupon the appellant moved the court, upon the minutes of the trial, to set aside the verdict, and for a new trial, upon two grounds:   (1) That the court erred in the admission of evidence on the trial; and (2) that the verdict is contrary to the law and the evidence given on the trial.   The motion to set aside the verdict and for a new trial was denied.   The plaintiff excepted; and from the judgment entered on the verdict he appeals to this court, and assigns as error the refusal of the circuit court to set aside the verdict for the causes assigned in his motion.

The evidence upon the trial showed that the plaintiff and defendant, just before the alleged assault and battery took place, were in the wagon-shop of Mr. Milliard, in the town of Almon, both sitting upon the same bench.   The bench was from twelve to sixteen feet long.   The plaintiff was sitting on one end, and the defendant on the other.   While in that position a controversy arose between them, and abusive language was used by the plaintiff; that the defendant got up from his end of the bench, and approached to within a few feet of the plaintiff.   The evidence which was excepted to related to this change of position on the part of the defendant.   The defendant, as a witness in his own behalf, was asked by his counsel the following question: "What was your object in coming from the place where you were sitting around in front of him, where you say you did go?"   This was objected to by the plaintiff.   The

objection was overruled, and the plaintiff duly excepted. The answer was: "I went around to him when he made the remarks about the barn, to get closer to him to hear the conversation that he had at the time." The defendant had testified that when he came up near to the place where the plaintiff was sitting, the plaintiff had a small hand-axe in his hand, and that he raised the axe and flourished it. He was then asked, "What did you think he was about to do when he raised the axe?" This question was also objected to by the plaintiff, but the objection was overruled, and exception taken; and he answered, "I thought he was either going to throw the axe or strike me in the head with it." We think the first question was admissible, within the authorities. In this case it was material to show the intent with which the defendant approached the plaintiff, under the circumstances. Both parties were in a heated and angry war of words, and the plaintiff might well claim that the approach of the defendant was with hostile intent. The appearances would probably indicate such hostile intent. The defendant knew whether he made the approach with such intent, and it was therefore competent for him to state what his intent was. In the case of *Forbes v. Waller*, 25 N. Y. 439, cited with approval by this court in the case of *Wilson v. Noonan*, 35 Wis. 355, the court say "that a witness may be asked with what intent he did an act, but his evidence is not conclusive." The other question was a proper question, as having a tendency to establish a justification for the assault made by the defendant upon the plaintiff. But what he thought would not be conclusive of his right to make the assault, unless the appearance and acts of the plaintiff at the time were such as to justify a reasonable belief that an assault was intended upon the person of the defendant by the plaintiff. The objections of the plaintiff were properly overruled.

The material question in the case is this: Was there any evidence given on the trial which justified a verdict in favor

of the defendant? After a careful reading and considera-
tion of all the evidence, we think this question ought to have
been decided by the learned circuit judge in the negative.
There is no doubt, upon the whole evidence, that a violent
assault and battery was committed by the defendant upon
the plaintiff. This, the defendant himself, as a witness in
his own behalf on the trial, freely admitted. A verdict,
therefore, in favor of the defendant, can only be upheld on
the ground that the admitted assault and battery, commit-
ted by the defendant, was committed in self-defense. If
there is any evidence in the case which even tends to justify
the defendant in attempting to disarm the plaintiff of the
axe which he held in his hand, there certainly is none which
justified him, after he had so disarmed him, in forcibly re-
moving him from his seat on the bench, throwing him upon
the floor of the shop, jamming him upon the floor, and
striking him after he had him down, entirely disarmed, and
wholly within his power. It seems very clear to us that
there was no evidence which could justify the attack made
by the defendant upon the plaintiff, and most certainly
there is none which can possibly justify the assault and bat-
tery of the plaintiff after he had been entirely disarmed by
the defendant, and when the defendant could not have been
in any danger of an attack by the plaintiff. To us, there
appears to be such an entire absence of evidence even tend-
ing in the least degree to justify the repeated assaults of the
defendant upon the plaintiff, that we are constrained to re-
verse the order of the circuit court refusing to set aside the
verdict for that reason. The verdict of a jury cannot be
suffered to stand, except upon proof of facts necessary to its
support. In this case there is an entire want of proof to
support the plea of self-defense, and that is the only defense
which can be made to the plaintiff's case, as made by the
testimony of the defendant himself.

*By the Court.*— The judgment of the circuit court is
reversed, and the cause remanded for a new trial.