## COMMONWEALTH *vs.* OWEN LUDDY.

Middlesex.    Jan. 28. — Feb. 23, 1887.    C. ALLEN & HOLMES, JJ., absent.

A complaint, alleging that the defendant, at a time and place named, sold intoxicating liquors to be drunk on his premises, he "not having then and there any license, authority, or appointment" to make such sale of said liquors, "to be drunk on the said premises as aforesaid," is sufficient, although, at the time of the sale, the defendant holds a license of the fourth class, under the Pub. Sts. c. 100, to sell intoxicating liquors not to be drunk on the premises.

At the trial of a complaint for an unlawful sale of intoxicating liquors "to a man whose name is unknown to said complainant," it is not necessary to prove that the person to whom the alleged sale was made was, in fact, so unknown.

At the trial of a complaint alleging an unlawful sale of intoxicating liquors "to be drunk on the premises" of the defendant, and that "said intoxicating liquors were thereupon then and there so drunk on said premises," it is not necessary to prove that the liquors alleged to have been so sold were, in fact, drunk upon the defendant's premises; and such allegation may be rejected as surplusage.

At the trial of a complaint for an unlawful sale of intoxicating liquors to be drunk on the defendant's premises, a police officer testified that he entered the place of business of the defendant, who had a license to sell intoxicating liquors not to be drunk on the premises, and saw the defendant standing behind the counter, and a person standing in front of the counter, who held a glass of ale in his hands, which he had raised to his lips, and which he returned to and placed upon the counter without drinking any of the contents of the glass; and that the officer saw no money paid. The defendant asked the judge to rule that, upon these facts, the government had not sustained the complaint; but the judge refused so to rule. *Held*, that the defendant had no ground of exception.

COMPLAINT to the Third District Court of Eastern Middlesex, alleging that the defendant, on October 8, 1886, at Cambridge,

"unlawfully did sell intoxicating liquors to a man whose name is unknown to said complainant, to be drunk on the premises of said" defendant; "and said intoxicating liquors were thereupon then and there so drunk by said unknown man on said premises, the said" defendant "not having then and there any license, authority, or appointment according to law to make such sale of said intoxicating liquors, sold as aforesaid, to be drunk on the said premises as aforesaid."

The defendant duly filed in the district court a motion to quash the complaint, which was overruled, and which, upon appeal, was renewed in the Superior Court, before the jury were empanelled, for the following reasons: "1. It is not alleged in said complaint where the premises are where the intoxicating liquors were to be drunk, nor does it allege where the premises are where they were in fact drunk. 2. It does not appear by the allegations of the complaint that the liquors alleged to have been drunk were sold to be drunk upon the licensed premises, or were in fact drunk upon the licensed premises. 3. The complaint is obscure, and does not allege with certainty and accuracy whether the liquors alleged to have been sold were sold to be drunk on the licensed premises, or were sold to be drunk off and away from the licensed premises. 4. The complaint being for the violation of the condition of a fourth class license in selling intoxicating liquors to be drunk upon the premises which the license covers, it should appear by the allegations of the complaint that the intoxicating liquor sold was sold to be drunk upon the licensed premises, and not upon other premises. In this view the allegations of the complaint might be as consistent with innocence as with guilt." *Thompson*, J., overruled the motion.

At the trial, one Murray, a police officer of Cambridge, the only witness for the government, testified that, on October 7, 1886, he entered the grocery of the defendant, who held a license of the fourth class to sell intoxicating liquors, and saw the defendant standing behind the counter, and a person standing in front of the counter, who held a glass of ale in his hands, which he had raised to his lips, and which he returned to and placed upon the counter, without drinking any of the contents of the glass; and that the officer saw no money paid.

The defendant asked the judge to rule that, upon these facts, the government had not sustained the complaint; but the judge refused so to rule. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*G. F. Piper*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

DEVENS, J. The motion to quash the complaint should not have been granted. While the defendant was a licensee, holding what is known under the statute as a fourth class license, he was not complained of, in form, for a violation of his license, but for having made a sale of liquors to be drunk on the premises of the defendant, he, the said defendant, "not having any license, authority, or appointment to make such sale of said intoxicating liquors," &c., "to be drunk on the said premises as aforesaid." As by the Pub. Sts. *c.* 100, § 1, every person is forbidden to sell intoxicating liquor, except as he may be authorized so to do by the provisions of the chapter, this sufficiently set forth an offence as committed by the defendant. It was not necessary that the complaint should allege that the defendant was licensed under the statute, and that the sale made by him was of intoxicating liquor to be drunk upon premises of the defendant which were included within the license. *Commonwealth* v. *O'Brien*, 134 Mass. 198. If the defendant relied upon a license granted to him as a justification for the act complained of, it was for him to prove a license, and also that it was broad enough to justify the act. *Commonwealth* v. *Rafferty*, 133 Mass. 574.

Nor was the defendant entitled to the ruling that, upon the evidence, as matter of law, the government had not sustained the complaint. We must presume, in the absence of any suggestion to the contrary in the bill of exceptions, that all appropriate instructions were given to the jury, and that the case was properly submitted to them, if the defendant was not entitled to the ruling requested.

The fact, that it did not appear in evidence distinctly whether the man to whom the sale was alleged to have been made was known or unknown to the complainant, is not important. The objection, that a person whose name is alleged to be unknown was in fact known, does not arise where there is no evidence

upon the point. It is not necessary, as a matter of affirmative proof, to offer evidence that he was in fact unknown. *Commonwealth* v. *Thornton*, 14 Gray, 41.

Nor was it necessary to prove that the liquor alleged to have been unlawfully sold to be drunk upon the premises was in fact there drunk, although such was the allegation of the complaint. The offence consisted in selling the liquor for this purpose; it is not in any way a description of the offence to allege that the liquor thus sold was subsequently drunk on the premises. Even if the proof failed, as in the case at bar, to sustain this allegation, it could be rejected as surplusage. *Commonwealth* v. *O'Brien, ubi supra. McNeil* v. *Collinson*, 128 Mass. 313.

The defendant further contends, that there was no evidence of a delivery by him to the alleged purchaser of the liquor, or, at any rate, no evidence that such alleged purchaser was not a resident in his house, which, under the Pub. Sts. *c.* 100, § 26, would be required in order to furnish *prima facie* evidence of a sale by him. The evidence is before us only in an abbreviated form, and does not probably give the appearance, manner, and attitude of the parties as fully as these were shown to the jury. But the fact that the defendant was behind the counter, and the other party to the transaction in front, having the glass containing the liquor in his hands, and raised to his lips, and that he returned it to the counter, upon the entrance of the officer, without drinking, might satisfy the jury that the defendant was just serving or had just served the person outside the counter with liquor, and that such person was a customer who was expected to pay therefor, and not merely a resident of the defendant's house.                    *Exceptions overruled.*