COMMONWEALTH *vs.* BENJAMIN O. BANKS.

Middlesex.    March 28, 1892. — May 6, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Intoxicating Liquors — Complaint — Specific Allegation.*

A duly registered pharmacist, under the St. of 1889, c. 270, who has a license under the Pub. Sts. c. 100, § 10, " sixth class," may be convicted for a violation of the provision thereof which requires that the sale of liquor shall be " to such persons only as may certify in writing for what use they want it," under a complaint for making an unlawful sale under the Pub. Sts. c. 100, § 1, which complaint does not contain a specific allegation setting forth the omission to require such certificate.

The fact that the St. of 1889, c. 114, so amends the Pub. Sts. c. 100, § 18, that a violation of the provisions of a license of the sixth class under § 10 does not work a forfeiture of the license, does not the less make a sale in violation of a license of this class an illegal act.

LATHROP, J.    The complaint in this case charges the defendant with the unlawful sale of a certain quantity of intoxicating liquor, on January 11, 1892, to one James Markham, at Lowell, the said defendant " not having then and there any license, authority, or appointment according to law, to make such sale of intoxicating liquor," and concludes in the usual manner.

At the trial in the Superior Court, on appeal, it was agreed that the defendant was a duly registered pharmacist, under the St. of 1889, c. 270; that he had a license of the sixth class, under the Pub. Sts. c. 100, § 10; and that he sold the liquor to Markham without requiring from him a certificate of the use for which the same was wanted.    The defendant contended that the complaint should contain a specific allegation setting forth the omission to require such certificate, in order properly to describe the offence shown by the agreed facts; and requested the presiding judge to rule that the offence was not set forth with sufficient fulness and precision.    The judge refused so to rule, and ruled that the complaint was sufficient; and to this ruling and refusal to rule the defendant excepted.

We are of opinion that no error appears.    By the Pub. Sts. c. 100, § 1, " No person shall sell, or expose or keep for sale, spirituous or intoxicating liquor, except as authorized in this

chapter." Section 10 provides for " Licenses to druggists and apothecaries to sell liquors of any kind for medicinal, mechanical, and chemical purposes only, and to such persons only as may certify in writing for what use they want it."

The complaint was not, in form, for a violation of the condition of the license, but for making an unlawful sale under § 1. The defendant had authority to sell only so far as his license authorized him to do so; and this was only to such persons as should certify in writing for what use they wanted the liquor. The agreed facts showed an unlawful sale, and such a sale was sufficiently described in the complaint. *Commonwealth* v. *Rafferty*, 133 Mass. 574. *Commonwealth* v. *O'Brien*, 134 Mass. 198. *Commonwealth* v. *Towle*, 138 Mass. 490. *Commonwealth* v. *Barnes*, 138 Mass. 511. *Commonwealth* v. *Luddy*, 143 Mass. 563. *Commonwealth* v. *Brusie*, 145 Mass. 117.

The fact that the St. of 1889, c. 114, so amends the Pub. Sts. c. 100, § 18, that a violation of the provisions of a license of the sixth class does not work a forfeiture of the license, does not the less make a sale in violation of a license of this class an illegal act.            *Exceptions overruled.*

*C. H. Conant*, for the defendant.

*C. N. Harris*, Second Assistant Attorney General, (*G. C. Travis*, First Assistant Attorney General, with him,) for the Commonwealth.