Fischer vs. The State.

FISCHER, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 24 — October 11, 1898.*

*Criminal law: Pleading: Attempt to intimidate workmen: Evidence: Intent: Immaterial error.*

1. The complaint in this case — alleging that defendant, as agent of a trades council, at a time and place named, did, by threats, intimidation, force, and coercion, wilfully attempt to hinder and prevent certain nonunion men from engaging in and continuing in their lawful work and employment as carpenters in the erection of a certain building, and that such attempt consisted in the defendant's saying to said men: "You cannot build this building. I will fight it if it takes all summer; and if your city will not protect us we will get the militia " — is *held* sufficient to charge the offense, described in sec. 4466c, Stats. 1898, of attempting by threats, intimidation, force, or coercion to hinder or prevent a person from engaging or continuing in a lawful work or employment.

2. A conviction will not be set aside on writ of error if the evidence is sufficient to support it.

3. Where the issue on trial involves the intent of a party, such party may, in his own behalf, testify to his intent or his absence of intent.

4. Where a person charged with attempting to intimidate certain persons by threats had testified that he did not make any such attempt, it was not a material error to refuse to allow him to testify as to whether he intended to intimidate them.

ERROR to review a judgment of the municipal court for the eastern district of Waukesha county: D. S. TULLAR, Judge. *Affirmed.*

The cause was submitted for the plaintiff in error on the brief of *Toohey & Gilmore*, attorneys, and *D. J. Hemlock*, of counsel, and for the defendant in error on that of the *Attorney General.*

CASSODAY, C. J. The plaintiff in error has been convicted of having, on February 23, 1898, committed the offense de-

scribed by the statute which declares that "any person who
by threats, intimidation, force or coercion of any kind shall
hinder or prevent any other person from engaging in or
continuing in any lawful work or employment either for
himself or as a wage-worker, or who shall attempt to so hin-
der or prevent, shall be punished," etc. Stats. 1898, sec.
4466c.

1. Counsel contend that the complaint fails to state facts
sufficient to constitute a cause of action. Of course, the
complaint must state the facts essential to charge the accused
with the offense prescribed. This should be done "in plain,
concise language without prolixity or unnecessary repeti-
tion." R. S. 1878, secs. 4650, 4657–4659; *Hintz v. State*, 58
Wis. 493. At common law it seemed to be sufficient to frame
the indictment in the words of the statute in all cases where
the statute so far individuated the offense that the offender
had proper notice, from the mere adoption of the statutory
terms, as to what the offense he was to be held for really
was; but not otherwise. *Steuer v. State*, 59 Wis. 475; *State
v. Mueller*, 85 Wis. 206. Our statute makes a charge in the
language of the statute of an offense created or punishable
by statute sufficient after verdict. R. S. 1878, sec. 4669.
That statute, however, is not applicable here, since the ob-
jection was taken before any evidence was admitted. Never-
theless we are constrained to hold that the complaint is suffi-
cient. It alleges, in effect, that at the time mentioned the
plaintiff in error, at the city of Waukesha, in the municipal
district, being then and there the business agent of the Build-
ing Trades Council of Milwaukee, a labor organization com-
monly called a union, and acting as the agent of such Trades
Council, for the purpose of preventing E. J. Affolter, John
Kleigel, and Ed. Welsh, and divers other persons, then and
there being nonunion men and not connected with the Build-
ing Trades Council or any other labor organization, from
continuing in the lawful employment in which they were

then and there engaged, so that their places be taken, and the work performed, by the so-called union men, did then and there, by threats, intimidation, force, and coercion, wilfully attempt to hinder and prevent said Affolter, Kleigel, and Welsh, and diver other persons, from engaging in and continuing in their lawful work and employment, to wit, working as carpenters for the firm of George Mindemand & Co. in and upon the erection and construction of a certain building described, in Waukesha; that the attempt to so hinder and prevent Affolter, Kleigel, and Welsh from so engaging in and continuing in their lawful work and employment by threats, intimidation, force, and coercion consisted in this, to wit: That said *Otto Fischer* did then and there, in the presence of the said E. J. Affolter, John Kleigel, and Ed. Welsh, to, of, and concerning them, say: "You (meaning the aforesaid E. J. Affolter, John Kleigel, and Ed. Welsh) cannot build this building (meaning the building described as aforesaid). I will fight it if it takes all summer; and if your city will not protect us we will get the militia,"— contrary to the statute in such case made and provided, and against the peace and dignity of the state of Wisconsin,— and prays that the said *Otto Fischer* may be arrested, and dealt with according to law. This language seems to be sufficient to authorize a finding that the accused did, " by threats, intimidation, force, or coercion," attempt to hinder or prevent the persons named and others from engaging or continuing in the lawful work or employment mentioned. The case is stronger than *State v. Compton*, 77 Wis. 460, cited by counsel. In that case the threat was sent by letter. Here the accused was present, and professed to speak as the authorized agent of a large organization.

2. It is contended that the verdict is not sustained by the evidence. Eight witnesses were sworn on behalf of the state, and about the same number on behalf of the accused. It was for the jury to determine the preponderance of the evi-

dence.   We have no right to set aside their verdict if the evidence on behalf of the state is sufficient to support it. Without going into the details of the testimony, we are clearly of the opinion that the verdict is supported by the evidence.

3.  Error is assigned because the trial court refused to allow the accused to testify as to whether he intended to intimidate any of the persons named.   Had this stood alone, we should undoubtedly have reversed the judgment, because it is well settled that, where the issue on trial involves the intent of a party, such party may, in his own behalf, testify to his intent or his absence of intent.   *Seymour v. Wilson*, 14 N. Y. 567; *McKown v. Hunter*, 30 N. Y. 625; *Kerrains v. People*, 60 N. Y. 221; *Wilson v. Noonan*, 35 Wis. 355; *Plank v. Grimm*, 62 Wis. 251; *Anderson v. Wehe*, 62 Wis. 401; *Commercial Bank v. Firemen's Ins. Co.* 87 Wis. 303, 304. The difficulty with this assignment of error consists in the fact that prior to the rejection of the testimony of the accused as to his intention he was allowed to testify, and did testify, that he did not attempt in any way to intimidate these men from going to work.   There is no pretense that he actually used force or coercion, nor that he actually intimidated, but merely that he attempted to intimidate by threats.   Having flatly denied that he made any such attempt, the question whether he had or had not formed the secret intent to so intimidate became wholly immaterial. Being immaterial, it could not have prejudiced the plaintiff in error, and hence is no ground for reversal.   Stats. 1898, sec. 2829.

We find no material error in the record.

*By the Court.*— The judgment of the municipal court for the eastern district of Waukesha county is affirmed.