HANLEY and another, Plaintiffs in error, vs. THE STATE,
Defendant in error.

*May 8—June 23, 1905.*

*Criminal law and practice: Change of venue: Statutes: Construc-
tion: What constitutes extortion: Information: Necessary alle-
gations: Variance: Instructions to jury: Evidence: Cross-exam-
ination.*

1. The right to a change of venue in a criminal prosecution is
   purely statutory; hence, under sec. 4679, Stats. 1898 (providing
   for a change of venue for enumerated reasons "if the offense
   charged in the indictment or information be punishable by

imprisonment in the state prison"), it is not error to refuse
to change the place of trial of defendants charged in an in-
formation with malfeasance in office by wilful extortion, wrong,
or oppression, under sec. 4550, Stats. 1898, which is punishable
by imprisonment in the county jail or by fine.

2. The offenses punishable by sec. 4550, Stats. 1898 (under which
   any officer, agent, or clerk of the state, or of any county, town,.
   etc., or in the employment thereof, who shall be guilty of any
   wilful extortion, wrong, or oppression therein, shall be subject·
   to punishment), are those of extortion and oppression as they
   existed at common law.

3. At common law the offense of extortion is an abuse of public·
   justice, which consists in an officer's unlawful taking by color·
   of his office, from any man, any money or thing of value that
   is not due to him, more than is due him, or before it is due.

4. In a criminal prosecution for extortion, an information charging
   that defendants, as constables, "did conspire and did extorsively
   receive and take from the complainant, by color of their office,
   the sum of seventy-five dollars in money," for discharging a
   search-warrant in their possession, is sufficiently definite, with-
   out charging the wrongful taking *as a fee,* or that it was *to the·
   officers' own use.*

5. In such case an allegation of the information that the officers·
   obtained the sum "as and for a fee due to them" is wholly un-
   necessary, and, being not essentially descriptive of the offense·
   or material to the jurisdiction, a discrepancy between that alle-
   gation and the proof is not a material variance, and, under
   secs. 2829, 4658, Stats. 1898, works no prejudice to the defend-.
   ants.

6. In such case it is not error to refuse ·to instruct the jury, as re-
   quested, that no conviction of the offense charged would be jus-
   tified unless defendants claimed the sum alleged to have been·
   extorted as and for compensation for services rendered by them
   as officers.

7. In a criminal prosecution for extortion the evidence, stated in.
   the opinion, is *held* to be sufficient to sustain a conviction.

8. In a criminal prosecution the information charged that defend-
   ants, as constables, wrongfully extorted money from the com-
   plainant for discharging a search-warrant. *Held,* that whether
   they acted by authority of a valid or invalid process was imma-·
   terial, since the jury found that money was extorted by color
   of their office.

9. In a criminal prosecution it is not error to permit inquiries on·
   the cross-examination of defendant bearing on and relating to·
   the field covered by his direct examination.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BRAZEE, Judge. *Affirmed.*

Plaintiffs in error, *William Hanley* and *Joseph Trost,* were arrested, tried, and convicted upon the complaint of Paul Lehnhagen, made on August 28, 1903, before the district court for Milwaukee county, charging them with malfeasance in office by wilful extortion, wrong, or oppression. The complaint is as follows:

"Paul Lehnhagen, being first, duly sworn, on oath complains to the district court of Milwaukee county that *William Hanley* and *Joseph Trost,* on the 24th day of February, A. D. 1903, in the county of Milwaukee, Wisconsin, he, the said *William Hanley,* and he, the said *Joseph Trost,* then and there being a duly elected, qualified, and acting constable of the town of Wauwatosa, by color of a certain warrant, commonly called a search-warrant, which they, the said *William Hanley* and *Joseph Trost,* then and there alleged to be in their possession, and that the said *William Hanley* and *Joseph Trost* afterwards, and whilst the said Paul Lehnhagen remained in their custody as aforesaid, to wit, on the 24th day of February, 1903, at the town of Wauwatosa, in the county of Milwaukee, Wisconsin, unlawfully, corruptly, deceitfully, extorsively, and by color of their said office, did then and there conspire to, and did, extort, receive, and take of and from him, the said Paul Lehnhagen, the sum of seventy-five dollars in money, of the value of seventy-five dollars, as and for a fee due to them, the said *William Hanley* and *Joseph Trost,* as such constables as aforesaid, for the obtaining and discharging of said warrant, as they, and each of them, the said *William Hanley* and *Joseph Trost,* then and there fraudulently and wickedly alleged, and that by means of said representations, and by color of their said offices, the said *William Hanley* and *Joseph Trost* did then and there wilfully extort from, and did wrong and oppress, the said Paul Lehnhagen as above set forth; whereas, in truth and in fact, as they, the said *William Hanley* and *Joseph Trost,* then and there well knew, neither the said *William Hanley* nor the said *Joseph Trost,* nor both, had legal right to the said sum of seventy-five dollars, extorted from and paid as aforesaid by the said Paul Lehnhagen—all of which was

contrary to the statute in such cases made and provided, and against the peace and dignity of the state of Wisconsin; and prays that the said *William Hanley* and *Joseph Trost* may be arrested and dealt with according to law.

    [Signed]                 "PAUL LEHNHAGEN.

"Subscribed and sworn to before me this 28th day of August, A. D. 1903.

                "FRANK J. GRUTZA,
         "Deputy Clerk of the District Court."

    The case was appealed from the district court to the municipal court of Milwaukee county. Before trial in this court the defendants moved for a change of venue to some other county, upon the ground that a fair and an impartial trial could not be had in Milwaukee county on account of the prejudice of the people. The motion was supported by the affidavits of the defendants and of a large number of citizens of the county, which stated, in substance, that affiants had good reason to believe and did believe that defendants could not obtain a fair and impartial trial in Milwaukee county on account of the prejudice of the people; that the belief of affiants was grounded on the fact that various newspaper articles, referring to the charge, had been circulated and published in different newspapers in Milwaukee and had been widely read and discussed by the people, and the belief was also founded on conversations with people on the subject. The affidavits do not state what the published articles contained, nor the facts and circumstances of the conversations with people by affiants, from which the court could itself determine on what the application was founded. The application was denied, and the defendants were then put upon trial before a jury. The verdict of guilty was rendered, and the defendants in error were sentenced to imprisonment in the Milwaukee house of correction for a term of six months. This is a writ of error to the judgment.

    *H. L. Eaton,* attorney, and *J. E. Roehr,* of counsel, for the plaintiffs in error.

For the defendant in error there was a brief by the *Attorney General, Walter D. Corrigan,* assistant attorney general, and *E. T. Fairchild,* of counsel, and oral argument by *Mr. Corrigan.*

SIEBECKER, J.  It is contended that the plaintiffs in error were entitled to a change of the place of trial on account of the prejudice of the people of Milwaukee county.   The statute (sec. 4679, Stats. 1898) provides that the trial of criminal cases is to be had in the county where the offense is committed, except in cases especially provided for, unless it shall be made to appear to the court by affidavit that a fair and impartial trial cannot be had in such county, and upon such a showing, "if the offense charged in the indictment or information be punishable by imprisonment in the state prison," the court may change the venue to an adjoining county.   The statute in terms prescribes that the place of trial in all cases shall be in the county where the offense is committed, and that the court wherein the action is pending shall have power to change the place of trial in cases wherein the offense charged in the information or indictment is punishable by imprisonment in the state prison.   In *Boldt v. State,* 72 Wis. 7, 38 N. W. 177, a prosecution on complaint for a misdemeanor, the statutes providing for a change of venue were under consideration, and the court there stated:

"The right to a change of venue is purely statutory (*Baker v. State,* 56 Wis. 573, 14 N. W. 718), and it is clear that this case is not within the letter of the statute.    But it is said to be within its spirit, and that the words 'indictment' and 'information' are used in the section as descriptive of all cases of criminal prosecution of every kind, and include an appeal in a criminal case from a justice of the peace as well as one on information filed in the circuit court.   We do not feel justified in giving the language such a construction.   The language is very plain, and it is evident from the whole chapter that the legislature was regulating criminal prosecutions in

the circuit court by indictment or information. To say that the provision applied to an appeal from a justice in a criminal case would be amending the statute, and pure legislation."

This interpretation of the statute appears to accord with the intention of the legislature expressed in the context and is decisive of the question presented here. The defendants are not on trial upon indictment or information for an offense punishable by imprisonment in the state prison and therefore had no right to a change of the place of trial.

It is claimed that the complaint should have been dismissed, as requested by defendants, for the reason that it is insufficient, indefinite, and uncertain. The complaint is lodged under sec. 4550, Stats. 1898, under which any officer, agent, or clerk of the state or of any county, town, etc., or in the employment thereof, who "shall be guilty of any wilful extortion, wrong or oppression therein, shall be" subject to punishment as therein provided. The claim is made that the complaint fails to charge, in reference to the alleged extortion, the amount due, if any, and that it was demanded as compensation for some official duty for which a fee is prescribed, and that the demand was made and the money extorted for a fee to which the defendants were not entitled. Under this statute the offenses of extortion and oppression as they existed at common law are to be punished as therein prescribed. We must therefore look to the common law to ascertain what constitutes these offenses. The common-law offense of extortion is said "to be an abuse of public justice, which consists in any officer's unlawfully taking by color of his office, from any man, any money or thing of value that is not due him, or more than is due him, or before it is due." Bl. Comm. book 4, 141; *Comm. v. Mitchell*, 3 Bush, 25. The offense is a wrongful taking, by color of office, when nothing is due, as well as where more is demanded than is due, or where it is not yet due. In charging the offense at common

law it is held that no averment is required to charge the wrongful taking *as a fee,* or that it was *to the officer's own use. People v. Whaley,* 6 Cow. 661; Wharton, Crim. Law (10th ed.) § 1579. The cases brought to our attention from Massachusetts and Indiana as holding to a different rule of pleading refer to prosecutions for statutory offenses, and it is therefore held that the offenses must be charged as defined in the statute. In *State v. Oden,* 10 Ind. App. 136, 37 N. E. 731, the court, speaking of this distinction, observed:

"The distinction was clearly made in Massachusetts, where it is held that, 'to subject an officer to the penalty provided by the statute, it must be proved that the sum alleged to have been extorted was demanded as a fee for some official duty.' *Runnells v. Fletcher,* 15 Mass. 525."

It seems clear from the authorities that no such specific allegations are deemed necessary in a prosecution for the common-law offense. Applying this rule to the complaint, it is sufficiently definite in charging that the defendants, as constables, "did conspire and did extorsively receive and take from the complainant, by color of their office, the sum of seventy-five dollars in money" for discharging the warrant then in their possession.

It is further contended that, since it is charged that they extorsively obtained this sum "as and for a fee due to them," there is a fatal variance between this allegation and the proof, in that the evidence wholly fails to establish that it was demanded and obtained as a fee; that the proof is that the money was obtained from complainant for, and was paid to them in settlement of, the proceeding. From what we have stated, it is manifest that this allegation is wholly unnecessary in order to charge the offense of extortion as it exists in this state, and that under the rule that where a particular fact, which is not essentially descriptive of the offense or material to the jurisdiction, is made a part of an allegation, a discrepancy between the allegation and proof as to such part

is not a material variance. It is immaterial whether the proof conforms to it or not. *Bonneville v. State,* 53 Wis. 680, 11 N. W. 427; *Comm. v. Brailey,* 134 Mass. 527; *Comm. v. Luddy,* 143 Mass. 563, 10 N. E. 448; *Bradley v. Reynolds,* 61 Conn. 271, 23 Atl. 928; *State Bank v. Peel,* 11 Ark. 750; *Comm. v. Jarboe,* 89 Ky. 143, 12 S. W. 138; *State v. Fox,* 25 N. J. Law, 566.

The irregularity complained of is not a material error under the statutes prescribing that in charging offenses it shall be sufficient if it can be understood therefrom who presents the charge, and if it give the name or description of the accused, the place where the offense was committed, and if the offense be alleged with such a degree of certainty that the court may, upon conviction, pronounce judgment according to the right of the case (sec. 4658, Stats. 1898), and that: "No indictment or information shall be deemed invalid, nor shall the trial, judgment or other proceeding therein be affected [among other things] by reason of any . . . defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant." Sec. 4659, Stats. 1898.

Under the provisions of this legislation it is clear that, to constitute reversible error in matters of form, the defect or irregularity must have tended to the prejudice of the defendant. The immaterial statement of fact in the complaint, that defendants extorsively demanded and obtained the money *as and for a fee,* could in no way mislead or prejudice them in their defense or thereby deprive them of any right. *Cross v. State,* 55 Wis. 261, 12 N. W. 425; *Bonneville v. State, supra; Hintz v. State,* 58 Wis. 493, 17 N. W. 639; *Byam v. State,* 17 Wis. 145; *McCarney v. People,* 83 N. Y. 408; *People v. Johnson,* 104 N. Y. 213, 10 N. E. 690; *People v. Dimick,* 107 N. Y. 13, 14 N. E. 178. Under the practice clearly established by these adjudications, it is obvious that the error complained of is within the class covered by these statutes and by sec. 2829, Stats. 1898, which applies to crim-

inal as well as to civil cases, and that this error should be disregarded upon the ground that it is only for errors depriving a party of a substantial right that judgments may be reversed. *Odette v. State,* 90 Wis. 258, 62 N. W. 1054; *Jackson v. State,* 91 Wis. 253, 64 N. W. 838; *Fischer v. State,* 101 Wis. 23, 76 N. W. 594; *Golonbieski v. State,* 101 Wis. 333, 77 N. W. 189; *Cornell v. State,* 104 Wis. ·527, 80 N. W. 745; *Murphy v. State,* 108 Wis. 111, 83 N. W. 1112; *Lanphere v. State,* 114 Wis. 193, 89 N. W. 128.

The contentions that the defendants were prejudiced by the failure to instruct the jury, as requested, to the effect that no conviction of the offense charged would be justified unless defendants claimed the sum alleged to have been extorted as and for compensation for services rendered by them as officers, is not well founded, under the rules above stated as controlling this case. The charge given by the court sufficiently covered all the material issues submitted to the jury to inform them of the rules of law applicable to the facts and circumstances adduced by the evidence.

It is also claimed that the court erred in overruling defendants' motion for their discharge for want of any evidence tending to show them guilty of the offense. The evidence submitted warranted the inference that defendants united in a common purpose to secure the sum, as charged, from the complainant, by color of their office. The obtaining of money under such circumstances without authority and right is construed and comprehended in the law as an act wrongfully done and grounded in corruption, and such acts amount to an official malfeasance in the nature of an extortion or oppression.

It is also urged that the court erred in refusing to discharge the defendants for the reason that the search-warrant under which they acted at the time in question was void for want of power in the justice to issue it. The prosecution for the offense charged relates to the wrongful conduct of defend-

ants by color of office. There is no dispute in this case but that defendants were in fact constables at the time and assumed to be acting officially in performing constable duty. The gravamen of the charge is that by color of such office they wrongfully extorted money. Whether they acted by authority of a valid or invalid process is immaterial, since the jury found that money was extorted by color of their office. *Comm. v. Saulsbury,* 152 Pa. St. 554, 25 Atl. 610.

An exception is urged to the court's ruling in permitting the defendant *Hanley* to be cross-examined. It appears that he had taken the stand and testified to the fact that he saw the receipt for the money paid the owners of the property for which the search-warrant issued signed by one of the owners. The inquiries on his cross-examination have a bearing on and relation to this transaction and were therefore in the field covered by his direct examination. We find no error in the record.

*By the Court.*—Judgment affirmed.