Jackson vs. The State.

JACKSON, Plaintiff in error, vs. THE STATE, Defendant in error.

*October 3 — October 22, 1895.*

*Criminal law and practice: Rape: Fornication: Amendment of information: Joinder of counts: Election: Plea in abatement: Trial of issue: Preliminary examination: Removal to another justice: Docket entries: Evidence of complaint of rape: Delay: Instructions to jury.*

1. Although by our statute unlawful sexual intercourse with a married woman is adultery and not fornication, and the first part of sec. 4580, S. & B. Ann. Stats., prescribes the punishment of one who commits fornication with a single female, yet, a female under the age of fifteen years being incapable of contracting marriage, an information charging, in substantially the language of the second part of sec. 4580, fornication with a female of previous chaste character under the age of fifteen years, but not alleging that she was a single female, was not a nullity, and the trial court might, on motion of the district attorney, allow it to be so amended as to describe her as a single female.

2. A count for fornication may be joined with one for rape founded on the same transaction; and in such case the court may properly refuse to require an election between the counts.

3. The question at issue upon the answer to a plea in abatement was whether, upon defendant's affidavit of the prejudice of Justice P., before whom he had been been brought for his preliminary examination, the cause had been properly sent to Justice W., who in fact conducted such examination, or whether it should have been sent to some one else, as being "the nearest justice or other magistrate qualified by law to conduct the examination," under sec. 4809, R. S. It appeared from the record that P. had determined that W. was such nearest qualified magistrate. That determination being conclusive, there was no error in refusing to allow a jury trial of the issue.

4. That P. determined that W. was the nearest qualified magistrate sufficiently appeared from the fact that, upon the affidavit of prejudice being filed, he at once made a transcript of his docket and delivered it, with the papers in the case, to W., and from an entry in his docket stating that further proceedings in the case were by the court removed to W.. although such docket entry was not made until after such delivery of the transcript and papers.

5. The effect of a delay by the female in making complaint of rape is for the jury, if circumstances may have reasonably caused it.

6. On a trial for rape upon and fornication with a girl fourteen years old whose mother was absent in another state, the admission of evidence that she made complaint to her cousin seventeen days after the alleged assault should not work a reversal, especially where the accused was found guilty of fornication only.

7. In a criminal action, where defendant had testified in his own behalf, it was not error for the court, in giving an instruction asked by him to the effect that the jury should fairly and impartially consider his testimony together with all the other evidence in the case, to add that the jury should give to his testimony such weight as, under all the facts and circumstances in evidence, they might believe it entitled to.

8. On a prosecution for rape, where either the complaining witness or the defendant had committed deliberate perjury, a charge to the effect that, if the jury agreed with the defendant that the charge against him was pure fabrication, they ought at least to be able to find some motive for such a wicked fabrication, was not erroneous, the jury being repeatedly instructed that they could not convict the defendant unless they were convinced of his guilt beyond a reasonable doubt.

9. In a criminal case it was not error to charge the jury as follows: "It is the duty of each juryman, while the jury are deliberating upon their verdict, to give careful consideration to the views his

Jackson vs. The State.

fellow jurymen may have to present upon the testimony in the case. He should not shut his ears, and stubbornly stand upon the position he first takes, regardless of what may be said by the other jurymen. It should be the object of all of you to arrive at a common conclusion, and to that end you should deliberate together with calmness. It is your duty to agree upon a verdict if that is possible."

ERROR to review a judgment of the circuit court for Iowa county: GEO. CLEMENTSON, Circuit Judge. . *Affirmed.*

The plaintiff in error was tried and convicted on the second count of the information, of which the following is a copy:

"[Venue, title, etc.]

"Count 1.— I, G. R. Whitman, district attorney for said county, hereby inform the court that on the 7th day of July, A. D. 1894, at said county, *William T. Jackson* did with force and arms, in and upon one Mildreth Daniels, a female of the age of ten years or more, to wit, of the age of fourteen years, violently and feloniously make an assault, and her, the said Mildreth Daniels, then and there, by force and against her will, violently and feloniously did ravish and carnally know, against the peace and dignity of the state of *Wisconsin*.

"Count 2.— I further inform the court that on the 7th day of July, A. D. 1894, at said county, *William T. Jackson* did commit fornication and have sexual intercourse with one Mildreth Daniels, a (single) female of previous chaste character and under the age of fifteen years, to wit, of the age of fourteen years, against the peace and dignity of the state of *Wisconsin*."

Before any proceedings were had in the case, the state, with the leave of the court, amended the second count in the information by inserting the word "single" before the word "female," as indicated therein. The plaintiff in error then filed a demurrer to the information, upon the ground

that two offenses or crimes were improperly united therein; that the charge of rape set forth in the first count was improperly united with the charge of fornication set forth in the second count. The court thereupon overruled the demurrer. The plaintiff in error then moved to quash the information for the same reasons set forth in the demurrer. Said motion was overruled. The plaintiff in error then filed the following verified plea in abatement to the information:

"And the said defendant, *William T. Jackson,* in his own proper person, comes into court here, and, having heard the supposed information herein read, and as a plea in abatement to the same, says that he did not, prior to the filing of the said supposed information herein against him, have a preliminary examination, as provided by law, before a justice of the peace or other examining magistrate or officer, upon the charges stated in said supposed information, or either of them, or upon any charge whatever; and that he has never waived his right to such examination; and that he is not a fugitive from justice, within the meaning of the constitution and laws of the United States. Wherefore he prays judgment of the said supposed information and that the same may be quashed."

The district attorney thereupon filed a verified answer to such plea, as follows:

"And now comes the state of *Wisconsin,* by G. R. Whitman, district attorney for Iowa county, and for answer to the plea in abatement herein denies each and every allegation thereof, and upon information and belief says that on the 6th day of August, 1894, one Mildreth Daniels made complaint on oath in writing, before H. Pitts, a justice of the peace in and for Iowa county, as follows, to wit:

"'State of Wisconsin, County of Iowa — ss.

"'*State of Wisconsin vs. William T. Jackson.*

"'Mildreth Daniels, being duly sworn, on oath says that on the 7th day of July, 1894, at said county, *William T.*

Jackson vs. The State.

*Jackson* did with force and arms, in and upon this complainant, Mildreth Daniels, a female of the age of twelve years and more, to wit, the age of fourteen years, violently and feloniously make an assault, and her, the said Mildreth Daniels, then and there with force and against her will violently and feloniously ravish and carnally know, against the peace and dignity of the state of *Wisconsin.* MILDRETH DANIELS.

"'Subscribed and sworn to before me this 6th day of August, 1894. H. PITTS, J. P.'

"Thereupon, and on the 6th of August, 1894, a warrant was issued, and the said defendant duly arrested, and brought before H..Pitts, justice of the peace aforesaid. Thereupon, by consent, adjournment was taken until August 9, 1894. That on said 9th day of August, a change of venue was taken from said justice to A. S. White, a justice of the peace in and for said Iowa county. That on said 9th day of August defendant appeared in court before said A. S. White in person and by his attorney, Calvert Spensley. That said defendant was thereupon required by said justice, A. S. White, to plead to the aforesaid complaint, which was read to him. Whereupon he pleaded 'not guilty.' Thereupon testimony was taken, and upon said testimony the justice found that the offense charged in the complaint had been committed, and that there was probable cause to believe the defendant had committed the offense. Whereupon the defendant was bound over by said justice to appear at the next term of the circuit court for Iowa county, and held in bail in the sum of $2,000. Whereupon defendant gave the required bond, and was released from custody. G. R. WHITMAN,

"District Attorney for Iowa County."

The issue made by such plea in abatement and answer thereto was thereupon tried by the court, without a jury. Upon such trial it appeared, among other things, from the record, that the complaint was made, the warrant issued, the accused arrested and brought before Justice Pitts; and

the cause adjourned to August 9, 1894, at 1 o'clock P. M., at Pitts's office, as stated in said answer; that at the time last named the accused appeared, and filed an affidavit with said Justice Pitts, of which the following is a copy:

"State of Wisconsin, Iowa County — ss.

"In the matter of the examination of *William T. Jackson* on the charge of rape, before H. Pitts, justice of the peace.

"*William T. Jackson,* being duly sworn, says that he is the *William T. Jackson* who is charged with the above-named offense in this matter, and further says on oath that from prejudice he believes that such justice of. the peace, to wit, H. Pitts, before whom this matter is pending, will not decide impartially in the matter.

"Subscribed and sworn to," etc.

At the close of such trial of the issue on said plea in abatement the trial court found, in effect, that the question whether the plea should be sustained or not depended entirely upon whether H. Pitts, justice of the peace, before whom the complaint was made, and who took jurisdiction of the case, *made determination*, when the affidavit was made by the defendant in due form of law for a change of venue, that Mr. White was the nearest justice of the peace or magistrate to whom the case should be sent; that when said affidavit was filed before Mr. Pitts the question arose between the district attorney and the defendant's attorney as to who was the next nearest magistrate or justice to whom the case should be sent; that defendant's attorney claimed that Mr. Reynolds was the nearest magistrate, and the district attorney that Mr. White was, and that Mr. Reynolds would not have jurisdiction to hear the case if he were the nearest magistrate, because he was only a police justice of Mineral Point; that after the argument of the question before him, Mr. Pitts orally determined that Mr. White was the nearest justice; that he made out the transcript of the case up to this period himself, took it with the papers to

Jackson vs. The State.

Mr. White, who had his office in the same building, in a room not far away, delivered them to Mr. White as the next nearest justice, and came back with him into the justice's room where he (Justice Pitts) had been sitting, and that thereupon Mr. Justice White took his place as an examining magistrate, and the case proceeded before him; that at the time Mr. Pitts took the papers to Mr. White these words were not in the transcript which he delivered to Mr. White, namely, "Further proceedings in this case were by the court removed to Justice of the Peace A. S. White," but that, after having made determination that Mr. White was the nearest justice, and after having himself transmitted the papers, he did write the words I have just stated in his docket, which were in accordance with his determination, and which were intended by him to be a record of his determination that Mr. White was the next nearest justice to whom the case should be sent and to whom the case was sent. "Such being the findings of the court, it follows, as conclusions of law, that the plea in abatement is not well taken, and that there was a preliminary examination."

The defendant then moved the said court that the prosecuting attorney be required, in behalf of the state, to elect upon which of the two counts taken in the information he would proceed to try the defendant, and that all proceedings thereafter be conducted in all respects as if the said information originally contained no other than the one count upon which the prosecuting attorney shall so elect to try the defendant. The court overruled said motion, and thereupon the defendant was arraigned, and pleaded not guilty. A jury was then duly impaneled and sworn to try the case. The defendant thereupon renewed his motion to require the prosecution to elect upon which charge of the information he should be tried, which the court denied, and also refused to exclude the witnesses from the court room pending the trial, because the judge did not see any reason for it and it would delay the

trial a good deal. The trial of the cause thereupon proceeded, and at the close thereof the jury returned a verdict to the effect that they found the defendant guilty of the offense charged against him in the second count of the information. The court thereupon sentenced the defendant to imprisonment in the state prison for the term of three years. To review that judgment the said *William T. Jackson* has sued out this writ of error.

For the plaintiff in error there were briefs by *Spensley & McIlhon* and *P. A. Orton*, and the cause was argued orally by *Mr. Orton* and *Mr. Calvert Spensley*. They contended, *inter alia*, that the issue of fact joined on the plea in abatement should have been tried. It could not be summarily disposed of by the court. *Baker v. State*, 80 Wis. 416. The proofs would have supported a finding by the triers of the issue that Justice Pitts failed to find or in any manner to determine who the nearest qualified justice or magistrate was, as was clearly his duty to do in order to confer jurisdiction upon such justice to conduct the examination. *Martin v. State*, 79 Wis. 165; *State v. Sorenson*, 84 id. 27; *Tennis v. Anderson*, 55 Iowa, 625; *Bremner v. Hallowell*, 59 id. 433. The issue should have been tried by a jury. R. S. sec. 4687; Const. art. I, sec. 7. If the issue was properly triable by the court, it was erroneously decided. The docket of Justice Pitts was entirely silent as to any removal of the case to any other magistrate, until after he had delivered the papers and a transcript of his docket to Justice White. He had then ceased to have jurisdiction of the case, and had no power to interpolate record entries therein. His mental determination that Justice White was the proper magistrate to whom to send the case, even if orally announced, was insufficient, in the absence of proper record entries, to confer jurisdiction upon Justice White.

For the defendant in error there was a brief by the *Attorney General* and *John L. Erdall*, Assistant Attorney General, and oral argument by *Mr. Erdall*.

CASSODAY, C. J.  1. The statute under which the plaintiff
in error was convicted provides that, "in case any man shall
commit fornication with a female of previous chaste char-
acter under the age of fifteen years, he shall, upon convic-
tion thereof, be punished," etc.  S. & B. Ann. Stats. sec.
4580.  The second count, as originally drawn, was substan-
tially in the language of the statute.  Such language, accord-
ing to its natural import, being fully descriptive of the
offense, would ordinarily be deemed sufficient even in case
of an indictment.  *Potter v. U. S.* 155 U. S. 438; *Dunbar v.
U. S.* 156 U. S. 185.  Our statute expressly sanctions such
pleading.  R. S. sec. 4669; *State v. Mueller,* 85 Wis. 206.
But it is claimed that because the first clause of the same
section prescribes the punishment of "any man who com-
mits fornication with a *single* woman," and, under our stat-
utes, unlawful sexual intercourse with a married woman is
adultery and not fornication, the second count as originally
drawn stated no offense whatever, and therefore was not
subject to amendment by inserting the word "single" be-
fore the word "female," as indicated in the foregoing state-
ment.  The second count, as originally drawn, may have
been defective, but under the statute cited and the decisions
of this court it would have been good after verdict and
hence cannot be regarded as a nullity (R. S. sec. 4669; *Hintz
v. State,* 58 Wis. 493; *Heckman v. Swartz,* 64 Wis. 48), espe-
cially as it is alleged that the female here in question was
only fourteen years of age, and hence incapable of contract-
ing marriage (R. S. sec. 2329).  Of course, all the strict rules
applicable to the amendment of indictments found by the
grand jury are not enforced against amendments to informa-
tions filed by a district attorney.  The statutes permit con-
siderable flexibility as to the form of an information.  R. S.
secs. 4657, 4658.  Our statutes expressly authorize the trial
court to allow amendment of an indictment or information
in case of variance between the statement therein and the

Jackson vs. The State.

proof in the "description of any person," and "in all cases where the variance between the indictment or information and the proof are not material to the merits of the case." R. S. secs. 4703–4706. The last of these sections provides that "no indictment, information, process, return or other proceedings in a criminal case . . . shall be abated, quashed or reversed for any error or mistake where the person and the case may be rightly understood by the court, *and the court may,* on motion, *order an amendment curing such defects.*" See, also, R. S. sec. 4659. Under the statutes and adjudications cited, we have no doubt of the power of the trial court, on motion of the district attorney, to amend the second count of the information as indicated. *Hintz v. State,* 58 Wis. 493; *Heckman v. Swartz,* 64 Wis. 48; *Baker v. State,* 88 Wis. 155. The court has gone further and held that such amendment might have been made by the trial court upon its own motion. *State v. Jenkins,* 60 Wis. 599.

2. Error is assigned because the court refused to hold that the information was bad on the ground that it improperly joined a count charging the crime of rape with another count charging the offense of fornication. In the recent case of *Porath v. State,* 90 Wis. 527, the accused was tried upon two counts in the information,— one for rape upon his thirteen year old daughter, and the other for incest committed with her at the same date; and it was there contended, as it is here, that the two counts were improperly united. But this court, after very careful consideration, held that the two counts were properly joined. Mr. Justice PINNEY, speaking for the court, carefully and at length considered the statutes applicable, and the decisions of this and other courts upon the subject. The only difference between the question thus determined in that case and the one here presented is that in that case one of the counts was for incest, while here one of the counts is for fornication. But the question thus

presented in each case is in principle the same, and hence the decision in that case determines the question presented in this case. We perceive no good reason for changing our judgment. See, also, *Ingraham v. U. S.* 155 U. S. 434. It follows that the court properly refused to quash the information, and properly overruled the demurrer to the same on the ground stated.

3. For the same reason the court properly refused to compel the district attorney to elect upon which count he would try the accused. *Martin v. State,* 79 Wis. 165. See, also, *Pointer v. U. S.* 151 U. S. 396.

4. Exception is taken because the court refused to allow a jury trial of the issue made by the district attorney's answer to the plea in abatement put in by the accused. That plea in abatement is to the effect that the accused had not had "a preliminary examination, as provided by law, before a justice of the peace or other magistrate." Such want of preliminary examination is claimed on the ground that when the accused presented to Justice Pitts, before whom he was first brought, his application for a change of venue on the ground of the prejudice of the justice, that justice should have sent the case to some justice or magistrate other than Justice White, to whom he did send it; and the only question sought to be tried upon such plea and answer was whether the case was in fact properly sent to Justice White. The statute made it the duty of Justice Pitts upon such application to "transmit all the papers in the case to the nearest justice or other magistrate, *qualified by law to conduct the examination,* who shall proceed with the examination in the same manner as though said defendant had first been brought before him." R. S. sec. 4809. It is contended that the issue thus joined was an issue of fact to be tried by a jury, as prescribed by sec. 4687, R. S. If that were really so, there would be very much force in the argument. As in effect stated by Mr. Justice WINSLOW in *Baker v. State,* 80 Wis. 419,

"it clearly appears, inferentially from the plea, itself and directly from the statements of the bill of exceptions," that the contention of the plaintiff in error that he "had received no preliminary examination was, in effect, a legal conclusion, based upon the supposed fact" that Mr. White was not "the nearest justice or other magistrate qualified by law to conduct the examination." The question whether Mr. White was such nearest justice or other magistrate was one of law, to be summarily determined by Justice Pitts; and his determination was conclusive upon all parties, and hence was not open for retrial by Justice White nor in the circuit court. This has been repeatedly held by this court. *State ex rel. De Puy v. Evans*, 88 Wis. 260, 261; *State v. Sorenson*, 84 Wis. 31; *Martin v. State*, 79 Wis. 173. That he made such determination, and so transmitted the papers to Justice White, is manifest from the papers and records in evidence in the trial court. It appears from the transcript delivered to Justice White that upon the affidavit of prejudice being filed, "asking for a change of venue," Justice Pitts immediately made a transcript of his docket. The docket of Justice Pitts contained, among other things, this entry: "Further proceedings in this case were by the court removed to Justice of the Peace A. S. White." True, it appeared from oral testimony that these words were not written in the docket until Justice Pitts had in person delivered the transcript mentioned and the papers in the case to Justice White; but such entry was in fact made, and it conforms to what must have been determined by Justice Pitts before making the entry. Such delivery of the papers was simply the execution of such determination. We do not understand that Justice Pitts, as a mere committing magistrate, was obliged to make all the docket entries he would have been required to make if he had had jurisdiction to hear, try, and determine. R. S. secs. 4775–4816; *State ex rel. Brown v. Stewart*, 60 Wis. 598; *Messman v. Ihlenfeldt*, 89 Wis. 585. But it does not follow that

the question whether he in fact determined to do what he actually did do was to be submitted to Justice White for determination or to a jury for determination in the circuit court. Whenever an answer to a plea in abatement raises an issue of fact which may be controverted by evidence *dehors* the record, then such issue is triable by jury. But whenever, as here, such issue is purely one of law, which has already been conclusively determined, then it is necessarily to be decided by the court. As the admission of parol testimony upon such issue did not prejudice the accused, his exceptions to the mode of trying the same must be overruled. *Baker v. State*, 80 Wis. 416. It is, in effect, admitted that the accused had a full and fair preliminary examination before Justice White; and there is nothing in the record to indicate that White did not have rightful jurisdiction.

5. The rule requiring the female, in case of rape, to immediately make complaint, is not inflexible. If circumstances reasonably cause delay, the effect is simply for the jury. It is at most a mere circumstance to corroborate the female as to the alleged force. 3 Rice, Ev. 827–829; *Baccio v. People*, 41 N. Y. 271; *People v. Gage*, 62 Mich. 274; *Proper v. State*, 85 Wis. 627. Here the female was of tender years. Her mother was in Chicago. The mere fact that testimony was admitted to the effect that the little girl made complaint to her cousin seventeen days after the alleged assault, should not work a reversal — especially as the accused was acquitted of the rape and was only found guilty of fornication.

6. The court, in substance, gave to the jury all of the instructions requested by the accused and pertinent to the issue upon which he was convicted. The court certainly was not bound to instruct the jury as to the general policy of the law. The exceptions to the refusal of the court to give the instructions requested on the subject of rape are eliminated from the case by the verdict, which acquitted

the accused of that charge.   We perceive no error, in giving the instructions requested by the accused as to his credibility, for the court to add, in effect, that the jury should give to his testimony such weight as, under all the facts and circumstances in evidence, they might believe it entitled to.

7. Exception is taken because the court charged the jury as follows:  " Consider the interest, if any, of the witnesses, the age of the defendant, and the age of the complaining witness; and if you agree with the defendant that this charge she makes against him is a pure fabrication, you ought at least to be able to find some motive for such a wicked fabrication."   It may be very questionable whether this can be sanctioned as stating a correct general principle of law. True, in *Hannon v. State*, 70 Wis. 455, the charge of the trial court contained substantially the same language, and the judgment was affirmed.   In this case, as in that, the accused not only pleaded not guilty but under oath denied the whole charge.   Commenting upon that and other portions of the charge in that case, Mr. Justice TAYLOR there said:   "A known motive for a course of action is always a powerful argument in favor of such action.   The absence of any motive for its commission on the part of the person accused of a great crime is strong evidence of his innocence, and, in cases where the evidence is not positive and direct, is almost always sufficient to procure an acquittal.   Certainly, it was not wrong to say to the jury:   'If, by your verdict, you say the complaining witness has committed perjury, you ought to find, if you can, some motive for her perjury.'"   Here the accused positively denied that he ever had any connection with the complaining witness at the time alleged or at any other time, and also positively denied he was alone with her at the time or place claimed, or that he was ever alone with her in his life.   This being so, it is manifest that either he or the complaining witness committed deliberate perjury upon the trial.   In considering which committed perjury and

which testified truthfully, the jury would necessarily consider the motive of each. In the *Hannon Case* the trial court, in charging the jury, did say, "It is for you to say where the motive is." The court repeatedly charged the jury, in effect, that they could not convict the accused unless they were convinced of his guilt beyond a reasonable doubt. While the portion of the charge here in question might, and probably would, under other circumstances, be misleading, still, under the facts and circumstances here presented, we do not think the jury could have been misled. The statute declares, in effect, that "no judgment shall be reversed or affected by reason" of any "error or defect" not affecting "the substantial rights of the adverse party." R. S. sec. 2829. The exception is overruled.

8. So we must overrule the several exceptions to the portions of the charge which read as follows: "It is the duty of each juryman, while the jury are deliberating upon their verdict, to give careful consideration to the views his fellow jurymen may have to present upon the testimony in the case. He should not shut his ears, and stubbornly stand upon the position he first takes, regardless of what may be said by the other jurymen. It should be the object of all of you to arrive at a common conclusion, and to that end you should deliberate together with calmness. It is your duty to agree upon a verdict if that is possible." These portions of the charge are justified by the rulings of this court in *Odette v. State*, 90 Wis. 258, and cases there cited.

*By the Court.*— The judgment of the circuit court is affirmed, and the cause is remanded for further proceedings according to law.