STATE OF IOWA V. HOMER RICHARDSON, Appellant.

137   591
140   143

**Criminal law:** INSTRUCTION. An instruction is not necessarily confusing and misleading because directing the jury to consider the evidence against as well as that in support of a proposition.

**Same:** BURDEN OF PROOF: PREPONDERANCE OF EVIDENCE. The terms "burden of proof" and "preponderance of evidence" have a well defined and generally understood meaning, and when there is nothing in the context of an instruction to obscure the meaning it is not erroneous to omit specific definitions of the phrases.

**Instructions:** DIRECTION AS TO NECESSITY FOR AGREEMENT. It is proper, for the court after submission of a cause to impress upon a

jury the necessity of agreeing upon a verdict, and to that end of making a fair and unbiased examination of the evidence and of showing due deference to the opinions of each other, without, however, abandoning an individual conclusion if fully convinced of its correctness. The instruction in the instant case, given upon the court's own motion, is approved.

---

*Appeal from Mitchell District Court.*— HON. CLIFFORD P. SMITH, Judge.

TUESDAY, MARCH 10, 1908.

.THE defendant was convicted of having committed incest, and appeals.— *Affirmed.*

*Geo. E. Marsh, C. D. Ellis,* and *Roberts & Warner,* for appellant.

*H. W. Byers, Attorney General,* and *C. W. Lyons, Assistant Attorney General,* for the State.

LADD, C. J.— The facts sufficiently appear in *State v. Judd,* 132 Iowa, 296, and no more need be added than is necessary to dispose of the points raised on this appeal.

1. CRIMINAL LAW: instruction. The criticism of the sixth paragraph of the charge is that, in directing the consideration of the evidence " tending to prove the conduct and disposition " of the parties towards each other, the court confused and misled the jury by adding, " and the evidence to disprove the same." Up to this time it has been supposed that after .mentioning a proposition, stating it conversely would tend to guard the jury against oversight or being misled, and we have not been persuaded to the contrary by the argument in this case. The instruction did no more than advise the jury to consider the evidence pro and con, and was correct. The eighth instruction was not open to criticism.

II.    There was evidence tending to show that defendant was elsewhere when the offense was claimed to have been committed, and with reference thereto the court instructed

**2. SAME: burden of proof: preponderance of evidence.**

that " the burden of proof is on the defendant to prove this defense by a preponderance of evidence.    But if, after duly considering all the evidence received at this trial (including the evidence tending to prove or to disprove the alibi), you have a reasonable doubt of the defendant being proved to be guilty, you must acquit him."    It is conceded that instructions in substantially the same language repeatedly have been approved by this court.    See *State v. Worthen,* 124 Iowa, 408; *State v. Hamillon,* 57 Iowa 596; *State v. Hathaway,* 100 Iowa, 225; *State v. McGarry,* 111 Iowa, 709; *State v. Thomas,* 135 Iowa, 717; *State v. Powell,* (Iowa) 113 N. W. 761. But it is said that it is erroneous (1) in casting the burden of proof on the defendant; and (2) in omitting definitions of the phrases " burden of proof " and " preponderance of evidence."    The term " burden of proof " is, but a figure of speech in common use with a well-defined meaning.    *In re Barber's Estate,* 63 Conn. 393 (27 Atl. 973, 22 L. R. A. 90).    In the connection employed the jury could not have misunderstood what was meant.    The phrase " preponderance of evidence " has a popular as well as technical meaning, not differing materially, and the jury will gather the import of the expression always unless misled by the context.    *Jones v. Durham,* 94 Mo. App. 51 (67 S. W. 976).    It is at least doubtful whether attempts to explain its meaning do not tend more to confusion than to a clear understanding of what is intended.    *Endowment Bank of K. P. v. Steele,* 108 Tenn. 624 (69 S. W. 336).    The jurors are presumed to be familiar with the English language, and ordinarily the court is not required to define phrases having a well-understood meaning and in common use.    There was nothing in the context to obscure the meaning of these, and it was not error to omit specifically defining them.    The rule with reference to the bur-

den of proof has been approved too often to require further vindication.

III.   The jurors retired for deliberation May 10, 1907, at 4:15 o'clock p. m.   On the following morning, at 9:10 o'clock a. m., they were called into court, and, at their re-

3. INSTRUCTION: direction as to necessity for agreement.

quest, some evidence read to them by the official stenographer.   The court then *sua sponte* gave them an instruction to the effect that the law required an unanimous verdict, that, while this verdict must be the conclusion of each juror and not a mere acquiescence in that of other jurors, to reach an agreement, it was necessary for " all the jurors to examine the issue submitted to them with candor and a proper regard and deference to the opinion of each other.   A proper regard for the judgment of other men will greatly aid us in forming our own "— that the case must be decided some time; that the jurors had been selected in the same manner any future jury would be, and there was no reason to think a jury better qualified would ever be chosen or more or clearer evidence ever be adduced; that " every juror should listen to the arguments of other jurors with a disposition to be convinced by them, and if any of the jury differ in their views of the evidence from a larger number of their fellow jurors, such difference of opinion should induce the minority to doubt the correctness of their own judgments, and cause them to scrutinize the evidence more closely and to re-examine the grounds of their opinion.   Your duty is to decide the issues of fact which have been submitted to you, if you can conscientiously do so.   And, in conferring together, you should bear in mind that the jury room is no place for pride of opinion, nor for espousing and maintaining in a spirit of controversy either side of a cause."   This instruction is substantially like that approved in *Commonwealth v. Tuey,* 8 Cush. (Mass.), 1; *State v. Smith,* 49 Conn. 376, 386 and *Allen v. U. S.,* 164 U. S. 492 (17 Sup. Ct. 154, 41 L. Ed. 528).   To these may be added as tending to sustain it *Nils v. Sprague,*

13 Iowa, 198, approving of an instruction that it was important that the jury agree; *Fraudsen v. Railway Co.,* 36 Iowa, 372, that there should be a reasonable prospect of agreement, that it was the duty of each juror to lay aside all pride of judgment and carefully review the ground of his opinion, and that the jurors should return to their rooms and examine their differences in a spirit of fairness and candor; *Delmonico Hotel Co. v. Smith,* 112 Iowa, 657, that the case must be determined by some jury and on the same pleadings and evidence, and that a disagreement would add to the burden of the successful party; *State v. Tripp,* 113 Iowa, 698, admonishing the jury of the desirability of a verdict, and advising them as to the proper manner of reaching it and the necessity of abjuring pride of opinion. In the last case the instruction was said to be " in letter and spirit like one often given when a jury seems to be working to no purpose."

Like instructions have been approved elsewhere. Thus in *Warlick v. Plonk,* 103 N. C. 81 (9 S. E. 190), an instruction admonishing the jury of its duty to agree; that no juror from mere pride of opinion, hastily expressed, should refuse to agree, nor, on the other hand, should he surrender any conscientious views founded on the evidence; that it was a duty of each juror to reason with his fellows concerning the facts with an honest desire to arrive at the truth and with a view of arriving at a verdict. In *Jackson v. State,* 91 Wis. 253 (64 N. W. 838), an instruction was approved saying that it was the duty of each juror " to give careful consideration to the view his fellow jurymen may have to present upon the testimony in the case. He should not shut his ears, and stubbornly stand upon the position he first takes, regardless of what may be said by the other jurors. It should be the object of all of you to arrive at a common conclusion, and to that end you should deliberate together with calmness." In *Ahern v. Mann,* 60 N. H. 472, an instruction was approved, saying to the jury that " the fact that a

juror finds his judgment opposed to the judgment of a majority of the panel ought to induce him, as a reasonable man, so far to doubt the correctness of his own views as to weigh carefully the opinion of his associates and the arguments and reasons upon which they are founded; and if, upon due consideration, he is convinced they are probably right and he is in error, it is his duty to agree with them." See 11 Pleading and Practice, 304, and 12 Cyc. 682, for collection of cases. The instruction ought not to be criticised for emphasizing the duty of the jurors to show deference to the opinions of each other. This is a rule constantly recognized in every relation of life, and especially in the administration of justice. Courts are continually revising or modifying their judgments as a result of the light thrown upon the subjects involved by the decisions of other tribunals. A great aid to reaching just conclusions is always to be found in weighing and criticising the opinions of other men. The fact that one finds himself differing from the majority of his associates should compel him to pause and examine the ground of his own opinion. Of course, in doing this, he ought not to abandon his own conclusions if convinced of their correctness, and the jury was so cautioned in the instruction given; on the other hand, the jury room, as said, is no place for mere pride of opinion, or for maintaining in the spirit of controversy either side of a cause. The aim ever to be kept in view is the truth as it shall appear from the evidence examined in the light of the instructions of the court. Nothing in the language of the instruction given could have been construed otherwise by the jury. The object of giving it was to impress the jurors with the necessity of agreeing upon a verdict, and to lead them to a fair and unbiased examination of the evidence before them. They had been out seventeen hours, and this alone exonerates the court of any charge of having abused his discretion in urging upon them, on his own motion, the necessity of agreeing in a verdict. *State v. Hale,* 91 Iowa, 367; *Allis v. U. S.,* 155 U. S. 117 (15

Sup. Ct. 36, 39 L. Ed. 91).    A verdict was returned at 11 o'clock in the evening of that day, and this clearly indicates that they were not misled by the instruction.    The claim that the jury was kept together an unreasonable length of time is unsound.

The evidence was such as to warrant the verdict, and the judgment is *affirmed.*