STATE OF IOWA, Appellee, v. GEORGE MULHOLLEN et al., Appellants.

**CRIMINAL LAW:** Trial—Codefendants—Evidence—Admissibility Against One Only. Evidence, clearly admissible against the accused if on trial alone, is not rendered inadmissible because a codefendant is also on trial, against whom the evidence is not admissible. If the codefendant does not request an admonition to the jury that they shall not consider the evidence as to him, he may not thereafter complain.

**WITNESSES:** Cross-Examination—Permissible Redirect Examina-
2 tion—Correcting False Impression. It is permissible for the court to permit a redirect examination to clear away a false impression left in the trail of the cross-examination.

PRINCIPLE APPLIED: Defendant was on trial for keeping a house of ill fame. A raid had been made on his house and a

number of men and women there arrested. The state obtained certain written statements from the women, and later, on the trial of defendant, used these women as witnesses against defendant. On their cross-examination, the securing of the written statements was brought out. The apparent object was to leave the implication that the public prosecutor had entrapped these witnesses into signing false statements. *Held* permissible for the court to permit the prosecutor to ask the witnesses if their signed statements were *true* and to permit the witnesses to answer in the affirmative.

CRIMINAL LAW: Evidence—Companion Crimes—Intoxicating
3   Liquors and Houses of Ill Fame. In a prosecution for keeping a house of ill fame, it is proper to show that, in a raid on defendants' premises, the officers found a large quantity of intoxicating liquors, especially when the finding of such liquors was consistent with defendant's statement as to his business.

CRIMINAL LAW: Evidence—House of Ill Fame—Reputation.
4   Whether a witness is competent to testify to the reputation of an alleged house of ill fame when he has heard of such alleged fact from only one person, *quaere;* but *held*, the discretion of the court was not abused in permitting such evidence in a case where "the evidence on behalf of the state was overwhelming and without a loophole of reasonable doubt at any point".

CRIMINAL LAW: Trial—Misconduct of Court—Stating Opinion as
5   to Quantity of Evidence. A statement by the court, in the presence of the jury, and during the trial of a prosecution for keeping a house of ill fame, that "There is plenty of evidence in the case", without indicating whether the court considered such evidence as true, false, weighty or otherwise, made while reproving the county attorney for improper argument, is not reversible error, even though the record shows that defendant introduced no evidence, the statement not being objected to at any time during the trial.

CRIMINAL LAW: Trial—Instructions—Urging Desirability of Ver-
6   dict. Instructions given as a last resort, to prevent a disagreement, impressing upon the jury the desirability of reaching an agreement and urging the jurors to lay aside all pride of opinion and to give due heed to the arguments of the majority, *et cetera*, are not in distinct favor with the court, but will be tolerated, in a criminal case, when the evidence of guilt is overwhelming and conclusive.

*Appeal from Dubuque District Court.*—J. W. KINTZINGER, Judge.

FRIDAY, DECEMBER 17, 1915.

CRIMINAL prosecution whereby the defendants are charged with keeping a house of ill fame in the city of Dubuque. They pleaded not guilty. Upon trial had, there was a verdict of guilty and judgment accordingly. The defendants have appealed.—*Affirmed.*

*M. C. Mathews* and *E. E. Bowen,* for appellants.

*George Cosson,* Attorney General, and *John Fletcher,* Assistant Attorney General, for appellee.

EVANS, J.—The defendants are husband and wife and residents of Dubuque. They occupied and operated a so-called rooming house. On May 25, 1914, an official raid was made upon the premises, resulting in the arrest of eight women and eleven men, and resulting in the charge against the defendants which is now prosecuted herein. The men taken in the raid were allowed to escape *incog.* The women were held as witnesses. Six of these women appeared as witnesses, upon the trial of the case, and each testified to her avocation as a prostitute, and that she conducted her avocation in the house of the defendants and divided with them the proceeds of her sin. Several officials testified as witnesses to admissions of each of the defendants, to the effect that such was the nature of the business conducted in this house. None of this testimony was disputed, nor was there any testimony of any kind offered on behalf of the defendants. The case is submitted here upon alleged errors committed in the trial below. No direct error is assigned that the verdict is not supported by the evidence, but it is urged strongly in argument that the defendants are being "railroaded to the penitentiary under the guise of justice". It is sufficient to say at this point that the evidence on behalf of the State is overwhelming, and without a loophole of reasonable doubt at any point.

I. Complaint is first made because of the admission of evidence of a certain written statement signed by the defend-

ant George Mulhollen. The admissions of fact contained in

**1. CRIMINAL LAW: trial: codefendants: evidence: admissibility against one only.**

such statement were such as to show guilt of the defendant of the crime charged. Objection was made by the defendants on the ground that it was incompetent, immaterial and irrelevant, and that it had not been shown to have been a voluntary statement, and that it was contained upon several sheets of paper, whereas the signature thereto was contained upon one sheet only. The showing of the State as to the voluntary character of the statement and as to the identification thereof and as to the signature of the defendant was abundant to justify its admission. Nor was such showing denied in any manner at any stage of the trial. It is now further argued that the statement was inadmissible as against the defendant Freda Mulhollen. No such objection was made at the time of the offer. If it had been made, it would not have been ground for excluding the statement. It would have been ground only for admonishing the jury and confining such evidence to the case of defendant George Mulhollen alone. No such question was raised upon the trial, and it is not open to the defendants to raise it now. It was also shown upon the trial by much undisputed evidence that like admissions had been made by the defendant Freda Mulhollen, although not in writing.

II. Complaint is made of certain redirect examination of certain of the inmates of this house who were examined as witnesses for the State. The complaint as made is that the

**2. WITNESSES: cross-examination: permissible redirect examination: correcting false impression.**

State was permitted to ask these witnesses if they had signed a written statement, and to ask them, further, if such statement was true, to which questions the witnesses answered in the affirmative. The record discloses that the subject of the alleged written statements signed by each of these witnesses was developed in each case by the cross-examination. The only apparent object for the line of such cross-examination was the apparent implication that the prose-

cuting attorney had entrapped these witnesses into the making of a false statement, and that this accounted for their present testimony. The county attorney was, therefore, permitted by the court to ask the witness whether such statement, referred to in her cross-examination, was true. The statement itself was not before the court. We think it was clearly within the discretion of the trial court to permit the question, under the circumstances here appearing.

III.  Other assignments based upon the admission of evidence were that the chief of police was permitted to testify that he found upon the defendants' premises, at the time of the raid, a large quantity of intoxicating liquor,

**3. CRIMINAL LAW: evidence: companion crimes: intoxicating liquors and houses of ill fame.** viz., 60 quart bottles of beer; and that the witness Smith was permitted to testify to the reputation of the defendants' place as a house of ill fame, whereas he had heard such alleged fact from only one person. In each of these cases, the objection was made by motion to strike, no objection having been made at the time the evidence was offered and received. Whether the form of the question was such in each case that no opportunity for objection was given is not made to appear in the abstract. The written statement signed by George Mulhollen stated that he sold beer at such place at an average of twenty quart bottles per day, and at one dollar a bottle. The finding of the beer was consistent with this statement and was admissible on this ground alone. And if this ground were absent, we do not think the evidence necessarily objectionable as tending to show the commission of a separate crime. Intoxicating liquor is the companion of many crimes, and we see no reason why its presence and its use may not be shown as one of the incidents of an alleged crime under investigation, and especially a crime of such nature as the one charged herein. The evidence of Smith as to the

**4. CRIMINAL LAW: evidence: house of ill fame: reputation.** reputation of the place was of such slight consequence, in the light of all the testimony in the case, that no possible prejudice could

have resulted from it, even if it were erroneous. The law lays no definite line as to the number of reports which a witness must hear, in order to qualify him to testify as to the reputation of a place. In such a case, a reasonable latitude of discretion must be permitted to the trial court. In the light of this record, there was no abuse of such discretion here. If this conviction rested upon evidence of mere reputation, a somewhat different question would be presented.

IV. Error is assigned because the trial court, in the course of the trial, and in the presence of the jury, remarked that there ''was plenty of evidence in the case''. It is urged that this remark was very damaging to the

5. CRIMINAL LAW: trial: misconduct of court: stating opinion as to quantity of evidence.
defendants. No objection was made to such statement when it was made, nor at any other time during the trial. The remark was made in reproving the county attorney during his argument to the jury. In the course of such argument of the county attorney, counsel for the defendants objected to a statement of the county attorney to the effect that the argument made on behalf of the defendants was ''pettifoggery''. This objection was sustained. This ruling was attended by the following dialogue between the court and the county attorney:

''By the Court: The exception is good. It doesn't make any difference to the county attorney whether this is pettifoggery or not. That isn't in the case. By Mr. Nelson: Does the Court by this mean that I have not the right to respond to the argument made by counsel on this line? By the Court: No, not at all. There is plenty of evidence in the case.''

There was nothing in this remark of the court indicating his belief as to whether the evidence was true or false, or whether it was weighty or otherwise. If the remark was objectionable to the defendants, the attention of the court should have been directed to it, so that appropriate admonition could have been made. We do not think it is available to the defendants to · complain of it now.

V. Complaint is made of the giving of Instruction No. 27. This was an additional instruction given to the jury after several hours of deliberation, and after the jury had reported its inability to agree. The instruction given

6. CRIMINAL LAW: trial: instructions: urging desirability of verdict.

was substantially the same as that involved in *State v. Richardson,* 137 Iowa 591. We have heretofore tolerated this instruction rather than commended it. To some members of the court, it is quite unsatisfactory, as being readily capable of abuse. Upon the facts appearing in *Clemens v. Chicago, R. I. & P. R. Co.,* 163 Iowa 499, we disapproved of its use in that case. In the case before us, the evidence is so overwhelming and conclusive, as well as undisputed, that it is inconceivable that any candid juror could in good faith find any reasonable doubt of the guilt of the defendants. For that reason, if for no other, we think that the instruction could not have been prejudicial. There is better reason for approving the instruction in the case before us than there was in *State v. Richardson,* *supra.* We find no prejudicial error in the record, and the judgment of conviction is—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.